UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTORIA RYAN, | ) | Case No.: C06-4812PVT |
| Plaintiff, | ) ) ) | **CASE MANAGEMENT CONFERENCE ORDER** |
| v. | ) ) | |
| EDITIONS LIMITED WEST, INC. ET AL, | ) ) ) | |
| Defendants. | ) ) | |

On December 5, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for a Case Management Conference. Based on the parties' Joint Case Management Statement, and the discussions held at the Case Management Conference,

IT IS HEREBY ORDERED that the court adopts the parties' statement of disputed factual and legal issues as set forth in the Case Management Conference Statement.

IT IS FURTHER ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days after entry of this order.

IT IS FURTHER ORDERED that the parties shall complete initial disclosures by December 22, 2006.

IT IS FURTHER ORDERED that the presumptive limits on discovery set forth in the

Federal Rules of Civil Procedure shall apply in this case:

IT IS FURTHER ORDERED that the parties have been referred to the court mediation program and shall contact the ADR department within thirty days.

IT IS FURTHER ORDERED that the following schedule shall apply to this case:

Designation of Experts with Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . April 27, 2007

Fact Discovery Cutoff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . May 18, 2007

Expert Discovery Cutoff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . June 1, 2007

Last Day for Dispositive Motion Hearing  . . . . . . . . . . . . .  10:00 A.M. on July 10, 2007

Final Pretrial Conference . . . . . . . . . . . . . . . . . . . . . . . . 2:00 P.M. on September 11, 2007

Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9:30 A.M. on September 24, 2007

IT IS HEREBY ORDERED that the parties shall comply with the Standing Order for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Patricia V. Trumbull (rev. 4/25/03), a copy of which is attached hereto,[1] with regard to the timing and content of the Joint Pretrial Statement, and all other pretrial submissions.

Dated: December 6, 2006

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] A copy of Judge Trumbull's standing order is also available on the court's website at www.cand.uscourts.gov by clicking first on the "Judges" button, then on Judge Trumbull's name, then on the "Magistrate Judge Trumbull's Standing Orders" link, and finally on the bullet for "Mag Judge Trumbull's General Order for all purposes (04/28/2003)."

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN
CASES ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE PATRICIA V. TRUMBULL**
(rev. 4/25/03)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**I.    CASE MANAGEMENT**

A Case Management Conference will be held on TUESDAY,

_____

at 2:00 p.m., Courtroom 5, United States Courthouse, 280 South First Street, San Jose, CA 95113. This conference may be continued only on order of the Court; parties may not stipulate to continue a case management conference without leave from the Court.

Pursuant to Civil Local Rule 16-9, lead counsel for each party (or the party if he or she is unrepresented) must file a Joint Case Management Statement and Proposed Order (*see* attached format) unless otherwise ordered. If preparation of a joint statement will cause undue hardship, the parties shall serve and file separate statements, as well as a declaration describing the undue hardship. The statement is due no later than the date specified in the Case Management Schedule, or ten days before the Case Management Conference if no date is specified.

**II.    MOTION PRACTICE**

**A.    Discovery Motions.** All parties who want their discovery motions before Magistrate Judge Trumbull to be heard on shortened time may serve and file along with their discovery motion, either: 1) a stipulation of the parties pursuant to Local Rule 6-2; or 2) a motion to shorten time under Civil Local Rule 6-3. Otherwise, all discovery matters shall be noticed in accordance with Civil Local Rule 7-2. Upon receipt of the moving papers, this court may in its discretion modify the briefing and hearing schedule.

**B.    Law and Motion Calendar.** Magistrate Judge Trumbull's Civil Law and Motion calendar is heard every Tuesday at 10:00 a.m.

**C.    Dispositive Motions.** Within two weeks after any party files a dispositive motion, if written consents to Magistrate Judge jurisdiction have not yet been filed by all parties, all parties who have not yet filed such a consent must notify the court whether they consent to the jurisdiction of the Magistrate Judge. If a party chooses to consent, the attorney of record for the party, or the party if he or she is unrepresented, must sign a document stating that the party consents to the jurisdiction of the Magistrate Judge for any and all proceedings, including trial. Consent forms may be obtained from the clerks office, from the courtroom deputy, or from the court's website at http://www.cand.uscourts.gov. If any party chooses not to consent, the attorney of record or unrepresented party must promptly file a request for reassignment to a District Court Judge. **Magistrate Judge Trumbull will not hear argument on dispositive motions without affirmative, written consents.**

**III.     EFFECT OF REASSIGNMENT TO A DISTRICT COURT JUDGE**

In the event a case that is originally assigned to Judge Trumbull is later reassigned to a District Court Judge, and unless otherwise ordered by the court, the case will remain assigned to Judge Trumbull for a case management conference on the date specified above, and for all discovery matters.

**IV.     TRIAL PRACTICE (FOR COURT OR JURY TRIAL AS APPLICABLE)**

**A.     Ten (10) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, if the trial will be a jury trial, the parties shall exchange (but not file) their respective proposed jury instructions in order to begin preparing the joint set of jury instructions required by section IV.B.5., below.

Unless otherwise ordered, the parties shall file the following not less than ten (10) court days prior to the pretrial conference:

  **1.     Trial Briefs.**

  **2.     Motions *In Limine*.**

  **3.     Depositions and Discovery Responses.**  One copy of any deposition transcripts and any other discovery responses either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged (not filed) with the court. The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses.

  **4.     Proposed Voir Dire Questions (Jury Trials Only).**  Proposed voir dire questions shall be submitted to the court. The examination of trial jurors shall be conducted by the Judge. The court will also allow limited follow up voir dire by attorneys. Juror questionnaires are permitted in limited situations. If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures.

  **6.     Form of Verdict (Jury Trials Only).**  Each party shall serve and submit to the court its proposed form of verdict on the day of the pretrial conference. In addition to the paper copy, each party shall also submit a copy of its proposed form of verdict on a computer disk in either ASCii text or WordPerfect format.

  **7.     Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only).**  In actions tried to the court without a jury, each party shall file Proposed Findings of Fact and Conclusions of Law no later than the day of the pretrial conference. In addition to the paper copy, each party shall also submit a copy of its file Proposed Findings of Fact and Conclusions of Law on a computer disk in either ASCii text or WordPerfect format.

  **8.     Joint Pretrial Statement**. The Joint Pretrial Statement shall include the following:

    **a.     Substance of the Action.**  A brief description of the general nature of the action.

    **b.     Stipulations, Agreed Statement and Undisputed Facts**. A statement of: (I) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will

stipulate for the trial record without the necessity of supporting testimony or exhibits.

  **c.**  **Disputed Factual Issues.**  A plain and concise statement of all disputed factual issues which remain to be decided.

  **d.**  **Disputed Legal Issues**.  Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence.  (When appropriate, full legal argument with citations to statutes and case law should be submitted by way of a Trial Brief.)

  **e.**  **Deposition Excerpts and Discovery Responses.**  Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.

  **f.**  **Witnesses to be Called**.  Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.  Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.

  **g.**  **Exhibits, Schedules and Summaries.**  Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal.  Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness.  The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering.  If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial.  **Any disputes regarding the authenticity and/or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.**

  **h.**  **Relief Prayed**.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

  **I.**  **Estimate of Trial Time**.  An estimate of the number of court days needed for the presentation of each party's case, indicating any possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

  **j.**  **Amendments, Dismissals.**  A statement of any requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

  **k.**  **Settlement Discussion.**  A statement indicating whether further settlement negotiations would likely be productive.

  **l.**  **Miscellaneous**.  A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

**B.**  **Five (5) Court Days Prior to the Pretrial Conference.**

  Unless otherwise ordered, the parties shall file and serve the following not less than five (5) court days prior to the pretrial conference.

**1.** **Oppositions to Motions *In Limine*.**

**2.** **Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions, or other discovery responses, designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections.

**3.** **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is incomplete without inclusion of addition deposition excerpts or other discovery responses, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by fax and mail) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing).

**4.** **Objections to Voir Dire and Verdict Forms.** Unless otherwise ordered, any objections to use of proposed voir dire or verdict forms shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

**5.** **Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should not submit preliminary or closing instructions.

The parties shall file a **joint** set of all proposed substantive instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary. The parties shall also submit to the court: 1) a copy of all proposed instructions on a computer disk in either WordPerfect, Word or ASCii text format; and 2) an additional copy of the proposed jury instructions in a three-ring binder for the court's use.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. **Challenged instructions must be clearly marked and identified.**

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based.

                                           */s/ Patricia V. Trumbull*
                                           Patricia V. Trumbull
                                           United States Magistrate Judge