UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN, <br><br> Plaintiff, <br><br> v. <br><br> EDITIONS LIMITED WEST, INC. ET AL, <br><br> Defendants. | Case No.: C- 06-4812   PVT <br><br> **ORDER DENYING SPECIAL MOTION TO STRIKE** |

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Victoria Ryan ("Ryan") is an artist working in pastel on paper.[1] Defendant Editions Limited West, Inc. ("Editions") is a publisher of art posters and is authorized to publish certain posters of Ms. Ryan's pastels. (Compl. ¶ 7.) Ryan asserts that Editions has improperly withheld royalties and supplied posters for the production of unauthorized reproductions of her works. (Compl. ¶¶ 23–42.) Editions filed a Counterclaim for defamation against Ryan. The Counterclaim alleges that Ryan made statements to numerous artists that Editions was cheating them out of royalties and licensing their work without their consent. (Counterclaim ¶ 41.)  Editions also asserts, in its Opposition Brief, that Ryan was heard making statements in a

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

loud voice to Editions sales representative Joyce M. Polish. (Polish Decl. ¶ 2.) Finally, Editions also alleges that it "is informed and believes" that Ryan has continued to make additional slanderous statements. (Woods Decl. ¶ 3.) The only statements at issue in this motion are the statements that are alleged in the Counterclaim. If Editions seeks to claim liability based on additional statements, it must to amend its counterclaim.[2]

Presently before the Court is Ryan's Special Motion to Strike Editions' Counterclaim. For the following reasons, the Motion to Strike is Denied.

## II. DISCUSSION

### A. Legal Standards

California Code of Civil Procedure section 425.16 was enacted to prevent the strategic use of lawsuits to chill exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. In order to resolve these cases as quickly as possible, 425.16(b)(1) provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. §415.16(b)(1).

Ruling on a motion to strike under the anti-SLAPP statute is a two-step process. First, the defendant must make a threshold showing that the challenged claim arises from activity protected by the anti-SLAPP statute. *Equilon Enters., LLC, v. Consumer Cause, Inc*., 29 Cal. 4th 53, 67 (2002). Second, if the defendant's threshold showing is made, the plaintiff must demonstrate a probability of prevailing on the claim. *Id.*

### B. Motion Hearing Date Properly Set

Ryan filed this motion to strike on October 10, 2006 and set the hearing date for November 14, 2006. Editions first argues that the motion should be denied because the hearing was not set in accordance with Section 425.16(f). Section 425.16(f) requires that the hearing on

---

[2] Ryan filed evidentiary objections to portions of the Woods, Polish and Chappel declarations. Because the Court is not considering the portions objected to, the objections are denied as moot.

ORDER, *page 2*

a special motion to strike be held not later than thirty days after the motion is filed unless the court's docket requires a later hearing. Cal. Code Civ. Proc. §425.16(f). The Civil Local Rules provide that a hearing must be noticed for at least thirty-five days after the motion is filed. Civ. L.R. 7-2. The Civil Local Rules are docket conditions that justify a later hearing. *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973, 981 n.3 (C.D. Cal. 1999). Accordingly, the motion was properly set and the failure to schedule the hearing within thirty days does not justify denial of the motion to strike.

### C. Claim Arises From Protected Activity

Filing a lawsuit is an exercise of one's constitutional right of petition and statements made in connection with, or in preparation of, litigation arise from protected activity under section 425.16. *Wilcox v. Superior Court*, 27 Cal. App.4th 809, (1994) (finding communication seeking money to fund litigation arose out from protected activity), disapproved on other grounds by
*Equilon Enterprises v. Consumer Cause, Inc*., 29 Cal.4th 53 (2002); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002) (finding statement protected by the litigation privilege of section 47(b) also protected by anti-Slapp). Ryan's communications to other artists arise out of protected activity because they were in connection to this lawsuit.

### D. Probability of Prevailing on the Claim

Ryan argues that the motion should be granted because Editions cannot show a probability of prevailing on the counterclaim because her statements are protected by both the litigation privilege and the common interest privilege.

#### 1. Absolute Litigation Privilege

The absolute litigation privilege "applies to any communication (1) made in a judicial or quasi-judicial proceeding, (2) by litigants or other participants authorized by law, in or out of court, (3) to achieve the objects of litigation, (4) and which has some connection or logical relation to the action." *Visto Corp. v. Sproqit Techs., Inc*., 360 F. Supp. 2d 1064, 1068 (2005).

The issue in this case is whether Ryan's statements to other artists that Editions was cheating them out of royalties was made to achieve the objects of the litigation. Ryan asserts

that the communications "have a logical relation to and advance the objects of the action." A logical relation is insufficient; the test can only be satisfied by "communications which function intrinsically, and apart from any consideration of the speaker's intent, to advance a litigant's case." *Rothman v. Jackson*, 49 Cal.App.4th 1134, 1148 (1996).

Defendants assert that the statements were mere mudslinging and did not function to advance any legitimate object of Ryan's litigation. Ryan asserts two functions of the communications to potentially affected parties: 1) to gain additional information; and 2) to put pressure on Editions to end improper practices.

Ryan's first asserted function fails because telling other people that Editions is cheating them is not intrinsically meant to advance a litigation interest. Although Ryan may have intended to seek a litigation benefit, relevant information, her intent is irrelevant. *Rothman*, 49 Cal.App.4th at 1147.

Ryan's second asserted function also fails. It is not enough to seek an end outside the legal system that the litigation could provide; the benefits must be sought *in* the litigation. *Id.* (finding that the object of public vindication lacked the requisite *functional* connection to the litigation and was a benefit outside of the litigation.)

Accordingly, Ryan's statements to other artists that Editions was cheating them is not covered by the absolute litigation privilege.

### 2. Common Interest Privilege

The common-interest privilege protects communications made "without malice, to a person interested therein, . . . by one who is also interested." Cal. Civ. Code § 47(c)(2). Application of the privilege involves a two-step analysis. The defendant has the initial burden of showing the allegedly defamatory statement was made on a privileged occasion, whereupon the burden shifts to the plaintiff to show the defendant made the statement with malice. *Kashian v. Harriman*, 98 Cal.App.4th 892, 915 (2002).

#### a. Ryan Has a Common Interest with Other Editions Artists

Ryan asserts that she and her fellow artists have a common interest in knowing if their common publisher was "cheating them out of royalties" and licensing their works without their


consent. Editions claims that the interest is lacking between Ryan and other artists because they do not have any relationship to each other. Editions asserts that the test is the relationship between the publisher (Ryan) and recipient of the communication (Editions Artists) and not the relationship between the recipient of the communication (Editions Artists) and the aggrieved party (Editions).

The test of interest is not exclusive to a partnership or similar relationship. The courts have taken an "eclectic" approach, looking at the facts of each case. The scope of the privilege "is not capable of precise or categorical definition . . . its application in a particular case depends upon an evaluation of the competing interests which defamation law and the privilege are designed to serve." *Institute of Athletic Motivation v. University of Illinois* 114 Cal.App.3d 1, 11 (1980). The court in *Institute of Athletic Motivation* applied the common interest privilege to a university physical education professor's letter sent to professional athletic organizations and to sports magazines. The court found:

> the communication was not directed toward the world at large, but mainly toward those involved as professionals in the field of athletics. And those to whom it was directed had a potential interest in the subject matter which went well beyond general or idle curiosity. The coaches who comprised the various organizational recipients of Martens' letter constituted a group with a special concern for the subject matter of the communication: depending upon how they evaluated it, the communication could affect the manner in which they conducted their professional activities. If the contents of the communication were true, it was of professional importance for them to know it.

*Id.* at 12. Similarly, in this case, the other Editions artists had an interest beyond mere curiosity in whether Editions is involved with unauthorized reproductions of their clients' artwork.

      b.  Editions Has Not Established Probability of Establishing Malice

For purposes of this motion, Editions bears the burden to establish the probability of malice. Malice for purposes of the statute means "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person' and is not inferred from the communication." *Kashian v. Harriman*, 98 Cal.App.4th 892, 915 (2002), *citing* Civ.Code, § 48.

Ryan argues that there is no evidence of malice. At this point, Editions has not submitted any evidence that would establish malice.

//

**E.     Need for More Discovery**

Editions claims that it needs to depose Ryan to find out all of the persons to whom she published the statements. Editions further claims that under Rule 56(f) the motion to strike cannot be granted before it has had a chance to obtain this discovery. Ryan claims this is a fishing expedition and argues that no discovery is necessary because she alleges legal insufficiency of the complaint.

A special motion to strike based on alleged deficiencies in the plaintiff's complaint is treated in the same manner as a motion under Rule 12(b)(6). A special motion to strike based on the plaintiff's alleged failure of proof is treated in the same manner as a motion under Rule 56. *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973, 983 (C.D. Cal. 1999). Although Ryan argues that her motion is akin to a 12(b)(6) motion, she also argues that "Editions Limited submits no evidence that Ms. Ryan lacked a reasonable basis for believing that it sanctioned canvas transfers." (Reply Brief at 6:9-10.) The lack of evidence at this early stage in the litigation means that more discovery is necessary and the special motion to strike must be denied.

**III.    CONCLUSION**

For the foregoing reasons, It Is Hereby Ordered that Plaintiff's Special motion to Strike is Denied.

IT IS SO ORDERED

Dated: December 14, 2006

PATRICIA V. TRUMBULL
United States Magistrate Judge