1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   VICTORIA RYAN,                 )        Case No.: C- 06-4812   PVT
                                     )
13                  Plaintiff,       )        **ORDER GRANTING IN PART AND**
                                     )        **DENYING IN PART MOTION TO**
14        v.                         )        **COMPEL DISCOVERY**
                                     )
15   EDITIONS LIMITED WEST, INC. ET  )
     AL,                             )
16                                   )
                    Defendants.      )
17   _____)

18   **I.      INTRODUCTION AND FACTUAL BACKGROUND**

19        Plaintiff Victoria Ryan ("Ryan") is an artist working in pastel on paper.[1]  Defendant

20   Editions Limited West, Inc. ("Editions") is a publisher of art posters and is authorized to publish

21   certain posters of Ms. Ryan's pastels.   Ryan asserts that Editions has improperly withheld

22   royalties and supplied posters for the production of unauthorized reproductions of her works.

23   Defendant ArtSelect, Inc. ("ArtSelect"), is a retailer of posters, frames, canvas transfers, and

24   canvas prints.  Ryan claims that ArtSelect has produced unauthorized canvas transfers from her

25   posters.

26        On November 30, 2006,  Editions filed a Counterclaim for defamation against Ryan.

27   The Counterclaim alleges that Ryan made statements to numerous artists that Editions was

28
          [1]    The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.
                              ORDER, *page 1*

cheating them out of royalties and licensing their work without their consent.  On October 10, 2006,  Ryan filed a special motion under California's Anti-Slapp Statute to strike the defamation counterclaim.  On December 14, 2006, this Court denied the motion, finding that Editions was entitled to take discovery before the claim could be dismissed.  Ryan filed an appeal with the Ninth Circuit of the Denial of the Motion to Strike.   On December 27, 2006, after the appeal was filed, Editions sought to dismiss the counterclaim.  Ryan successfully objected, claiming that the court was without jurisdiction to grant dismissal because the issue was currently on appeal with the Ninth Circuit.  Thus, Ryan blocked Editions' attempt to dismiss the Counterclaim.

On July 13, 2007, Ryan filed a motion to compel discovery.  The motion came on for hearing on July 31, 2007.  Based on the arguments in the brief and at the hearing, the motion to compel discovery is Granted in Part and Denied in Part as follows.

## II.    DISCUSSION

### A.    Legal Standards

The Federal Rules of Civil Procedure allow broad discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26(b)(1).  The scope of discovery, however, is not unlimited.  The discovery must either be relevant to the claims and defenses or a party must show good cause to take discovery relevant to the subject matter involved in the action.  Additionally, the Court "must limit" discovery when

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

//

**B.     Discovery Sought**

Plaintiff is seeking to compel production of all documents relating to:

1.     Authorization to use of any posters for any use other than sale of the poster (by any artist) (RFP #1)

2.     All catalogs, databases, lists of artists or posters provided to any retailer that frames, mounts or transfers images (RFP #2)

3.     Communications with retailers about Ryan works (RFP #3)

4.     All articles or Legal opinions as to how a publisher might be liable for activities of retailers that infringe (Editions #5)

5.     Licenses and Authorizations to use copyrighted matter for use other than posters (Edition #6.)

6.     Communications about canvas transfers (Editions #7  ArtSelect #5)

7.     Royalties (Editions #8, Artslect #6)

8.     Policy documents (documents about whether authorization is needed) (Editions #9, ArtSelect # 7) and

9.     Communications about Plaintiff (Editions #10, ArtSelect #8)

Defendants claim that all documents that relate to Ryan have been produced and all documents that do not relate to Ryan are irrelevant.

**C.     Asserted Relevance**

For almost every document request, Ryan claims that the documents sought are relevant to: "Ms. Ryan's claim of slander of title; Her allegation that the defendants maintain inadequate policies against infringement; and Her truth defense to Editions Limited's counterclaim for defamation."  For a couple of the requests, Ryan claims "The category is relevant to Ms. Ryan's claims and defenses, and is not overbroad.  The communications sought are relevant to all aspects of Ms. Ryan's claims and defenses."  Ryan had failed, however, to explain how this

//

//

//

1    boilerplate language demonstrates the relevance of any documents sought.[2]

2    **D.    Documents Relating to Other Artists, Publishers, or Retailers**

3          1.    <u>No Relevance to Slander of Title Has Been Shown</u>

4    Slander of title requires "(a) a publication (b), which is without privilege or justification

5    and thus with malice, express or implied, and (c) is false, either knowingly so or made without

6    regard to its truthfulness, and (d) causes direct and immediate pecuniary loss. *Howard v.*

7    *Schaniel*, 113 Cal.App.3d 256, 263-64 (1980) (citations omitted.).   Defendants argue forcefully

8    that contracts and communications about other artists' works are irrelevant to show a false

9    statement about Ryan's work.   Ryan has made no showing as to why contracts, communications,

10   or royalties relating to other artists, publishers, or retailers is relevant to show slander of title.

11   Accordingly, these documents are not relevant within the meaning of Rule 26.[3]

12
13         2.    Allegation that the Defendants Maintain
                 <u>Inadequate Policies Against Infringement Does Not Warrant Discovery</u>

14   Plaintiff claims all the documents sought are relevant to her allegation that Defendants

15   maintain inadequate policies against infringement.   The allegation of inadequate policies against

16   misappropriation is not a claim or defense in this lawsuit.   The claim is copyright infringement

17   against ArtSelect and contributory infringement against Editions.   In order to show contributory

18   infringement, Ryan must show Editions "(1) has knowledge of a third party's infringing activity,

19   and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v.*

20   *Visa Intern. Service Ass'n*, --- F.3d ----, 2007 WL 1892885,  (9th Cir. 2007), *quoting Ellison v.*

21   *Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004).   Defendants argue that documents relating to

22   other artists are not relevant.   Ryan's papers do not address how documents relating to the sale of

23
24         [2] Despite Ryan's use of boilerplate to explain the relevance of the documents sought, she also
     claims that Defendants' use of boilerplate objections was improper and waived all of
25   Defendants' objections to producing the discovery.   Ryan cites *Burlington N & S RY Co. v. U.S.*
     *Dist. Ct.*, 408 F.3d 1142 (9th Cir. 2005).   That case, however, does not provide for waiver and
     explicitly allows the assertion of boilerplate objections.
26
27         [3]At the hearing, Ryan argued that discovery cannot be overbroad unless Defendants show
     undue burden.   This is not an accurate statement of the law.   The proponent of the discovery
28   must always show relevance.   Once relevance has been established, the party opposing discovery
     may establish undue burden.

1    other artists' works are relevant to showing knowledge of, or material contribution to,

2    infringement of Ryan's works.

3                    3.    Truth Defense to Counterclaim Does Not Warrant Discovery

4           Ryan is seeking discovery related to Defendants' counterclaim for defamation.  Ryan,

5    however, is the only impediment to Defendants' dismissal of the counterclaim.  Accordingly, the

6    Court will not allow Ryan to broaden the scope of discovery by refusing to allow Defendants to

7    dismiss this counterclaim.

8                    4.    Legal Opinions Are Not Discoverable

9           Request number 5 to Editions sought "All articles or Legal opinions as to how a

10   publisher might be liable for activities of retailers that infringe."  As Defendants have argued,

11   legal opinions are protected by the attorney client privilege and any news articles or other

12   published works would be protected by the work product immunity.  Accordingly, this document

13   request is improper because it calls for only protected material.  Because this document request

14   calls for privileged documents, it would be unfair to require Editions to undertake the burden of

15   listing any privileged documents on a privilege log.  However, if any documents responsive to

16   any other document request have been withheld under claim of privilege, Editions and ArtSelect

17   must provide a privilege log.

18                   5.    Burden Outweighs Any Tangential Relevance

19          Defendants have asserted a privacy interest in their documents with other artists,

20   publishers, and retailers.  Although there is no federal common law privilege akin to the right of

21   privacy, federal courts generally treat financial information as private. *Charles O. Bradley Trust*

22   *v. Zenith Capital LLC*, 2006 WL 798991 at *2 (N.D. Cal. Mar 24, 2006) ("Private financial

23   records are normally entitled to privacy protections.").  "Resolution of a privacy objection or

24   request for a protective order requires a balancing of the need for the information sought against

25   the privacy right asserted."  *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995).

26          Accordingly, even if Ryan had shown a limited relevance to the documents sought, any

27   tangential relevance would be outweighed by the privacy interest of the individuals and

28   businesses involved.

**E.      Documents Relating to Ryan**

Although not mentioned in the motion papers, at the hearing Ryan argued that she needs to see every contract of both Defendants because she does not trust that all documents relating to her have been produced.  Ryan argued at the hearing that she had recently deposed Defendant ArtSelect and "many, many" documents that had not been produced were identified.  ArtSelect stated that 6 e-mails, a draft contract, and some order forms had been identified at the deposition and had already been produced to Ryan.  Ryan claimed a belief that additional documents exist that have not been produced.  Defendants promised to "double check" and certify that all relevant documents have been produced.

Ryan also argued that she has found two contracts allowing derivative works, and if she could find two, many more must exist.  Defendants assert that no additional contracts exist.  One problem with the document requests is that they seek all documents relating to "Ryan Works," defined as works authored by "Ryan or any group of artists that *may* include" her.  (emphasis added.)  Defendants object that any group that "may" include Ryan is too broad.  The Court agrees.  Accordingly, the Request is modified by the Court to refer only to those documents that "include Ryan" whether by name or by listing a group to which Ryan actually belongs.  In light of circumstances surrounding discovery in this case, the Court is not convinced that all documents that relate to Ryan have been produced.  Accordingly, Defendants shall each produce a declaration or declarations signed under penalty of perjury by the persons detailing the search that each client representative made for any contract that names or includes Ryan.  The declarations shall affirmatively state that any documents that name or include Ryan have been produced.[4]

//

//

---

[4]Ryan asserted at the hearing that the responses were deficient for failing to state whether Defendants would comply with the Requests.  Contrary to Ryan's assertion, the responses are clear as to the requests with which Defendants have agreed to comply.  Where Defendants state "without waiving these objections" certain documents have been produced, Defendants are complying.  Where Defendants only state objections, Defendants are stating that they will not comply.

1

**III.    CONCLUSION**

2          For the foregoing reasons, It Is Hereby Ordered that:

3                  1.       Ryan's Motion is Granted in part in that Defendants Editions and

4                           ArtSelect shall each, no later than August 24, 2007, provide a Declaration

5                           or Declarations signed under penalty of perjury by the person or persons

6                           that have searched for documents relating to Ryan.  Each Declaration shall

7                           set forth the efforts made to locate documents that relate to Ryan and shall

8                           affirmatively state that all documents that do relate to Ryan have been

9                           produced;

10                 2.       Ryan's Motion is also granted in part in that, no later than August 24,

11                          2007,  Defendants shall provide either a privilege log in compliance with

12                          Rule 26(b)(5) or a statement that no documents were withheld under claim

13                          of privilege.  Editions  need not include documents that would have been

14                          withheld in response to Request Number 5 to Editions; and

15                 3.       Ryan's Motion is Denied in all other respects.

16         IT IS SO ORDERED.

17   Dated: August 14,   2007

18                                                    _____
                                                     PATRICIA V. TRUMBULL
19                                                   United States Magistrate Judge

20

21

22

23

24

25

26

27

28