1  MICHAEL A. PAINTER, State Bar No. 43600
   ROBERT W. WOODS, State Bar No. 89896
2  ISAACMAN, KAUFMAN & PAINTER, P.C.
   8484 Wilshire Blvd., Suite 850
3  Beverly Hills, CA 90211
   Tel. 323.782.7700
4  Fax 323.782.7744
   email woods@ikplaw.com
5
   Attorneys for Defendant Editions Limited West, Inc.
6  and ArtSelect, Inc.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  VICTORIA RYAN,                          )  CASE NO. C06-04812 PVT
                                            )
12          Plaintiff,                      )  CONFIDENTIALITY AGREEMENT AND
                                            )  STIPULATED [PROPOSED] PROTECTIVE
13  vs.                                     )  ORDER AS MODIFIED BY THE COURT
                                            )
14  EDITIONS LIMITED WEST, INC., etc., et al., )
                                            )
15          Defendants.                     )
                                            )
16  _____)
                                            )
17  AND RELATED COUNTERCLAIM.               )
                                            )
18  _____)

19

20       Plaintiff Victoria Ryan ("Ryan"), on the one hand, and defendants Editions Limited West, Inc.

21  ("Editions Limited") and ArtSelect, Inc. ("ArtSelect"), on the other hand, hereby enter, through their

22  counsel of record, into this Confidentiality Agreement and Stipulated Protective Order. The parties hereby

23  agree to the provisions set forth below protecting designated confidential information ("the Confidential

24  Information") in this case. The parties also stipulate to the entry of a Protective Order containing the

25  below terms.

26       Therefore, pursuant to the agreement of the parties and for good cause shown, IT IS

27  HEREBY STIPULATED AND ORDERED AS FOLLOWS:

28

1.   Scope.  This Stipulated Protective Order shall govern the use and handling of all documents, testimony, and other information, in whatever form produced or given by any defendant in this action, which are designated "Confidential--Subject to Protective Order" in accordance with the terms below.

2.   Definition of Confidential Information/Use.  Certain information has been disclosed in this action pursuant to provisional confidentiality agreements entered on the record during certain depositions. Documents produced or testimony given before this agreement was signed will be deemed to be designated as confidential to the extent that they contain information in the categories set forth in subparagraphs a.-e. below.  With respect to documents produced and testimony given after this agreement is signed, the following information shall be deemed designated as confidential:

a.   information concerning Editions Limited's pricing information for sales of posters and other art products to its customers, but not including information regarding the royalties paid to Ryan or other information required to be disclosed under the publishing agreement between Ryan and Editions Limited;

b.   information concerning volume of sales by Editions Limited of artworks by artists other than Ryan, and Editions Limited's pricing information relating to artworks by artists other than Ryan;

c.   information concerning the identity and contact information of customers of ArtSelect, and information concerning the financial details of transactions with such customers of ArtSelect;

d.   information concerning ArtSelect's pricing of artworks which it sells, its costs of goods, shipping, and other costs of sales for such artworks, and its pricing mark ups or discounts relating to such artworks; and

e.   information concerning other publishers or suppliers of artworks with which ArtSelect does business, and the financial terms of such business relationships.

Publicly available information, documents and information produced in response to discovery and not marked as Confidential Information, and information that has been provided by or obtained from

1   sources other than the defendants, shall not be deemed Confidential Information subject to the terms of the

2   Protective Order.  Any party may designate Confidential Information by designating such information as

3   "Confidential--Subject to Protective Order."  Once so designated, any Confidential Information will be

4   protected by the provisions of this Protective Order unless the designation is subsequently withdrawn by

5   the designating party or the Court otherwise orders.  A party will designate as Confidential Information

6   only that information which the party believes in good faith is confidential and not intended to be

7   disclosed to the general public.  Any party may challenge a confidentiality designation by providing notice

8   to all parties within ten days after being informed of the designation; the designation will be deemed

9   withdrawn unless  the designating party moves the Court for a determination on propriety of the

10  designation within fourteen days of the challenge notice.  Unless otherwise ordered by the Court, all

11  Confidential Information will not be used for any commercial purpose by plaintiff or her attorneys, but

12  will only be used for purposes of this litigation, i.e., will only be used for purposes of discovery and for

13  introduction into evidence at trial or in connection with any hearing (subject to adequate measures to

14  protect the confidentiality of the same, including filing Confidential Information documents under seal and

15  segregating and sealing deposition exhibits which are designated as Confidential Information).

16         3.     Written or Oral Request, Subpoena or Court Order.  In the event any person in possession

17  of another party's Confidential Information shall receive a written or oral request, subpoena or court order

18  seeking disclosure of such material, he or she shall promptly notify counsel for the designating party,

19  provide a copy of the request and refrain (unless prohibited by law) from disclosing the material until the

20  designating party has had an opportunity to seek an appropriate protective order or other appropriate

21  remedy.

22         4.     Survival.  The provisions of the Confidentiality Agreement shall not terminate at the

23  conclusion of this litigation.  Within 120 days after final conclusion of all aspects of this litigation

24  (including resolution of any appeal), all documents and all copies of documents (other than exhibits of

25  record) which constitute Confidential Information and which were produced in this litigation shall, at the

26  option of the producing party, be returned to the party or person that produced such documents or be

27  destroyed.  The producing party shall make its election known in writing prior to the expiration of this

28

1   period.                                                       PVT

2      5.   ~~No Waiver.  The inadvertent, unintentional or in-camera disclosure of Confidential~~

3   ~~Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's~~

4   ~~claims of confidentiality.  The failure of the producing party to designate a document produced as~~

5   ~~Confidential Information shall not constitute a waiver of a claim of confidentiality and shall not estop the~~

6   ~~producing party from subsequently identifying the document as Confidential Information.~~

7      6.   <u>Persons Covered</u>. This confidentiality agreement and Stipulated Protective Order shall

8   apply to the parties to this litigation, their employees, agents, attorneys, and consultants.

9      7.   <u>Disclosure</u>.  If there is any unauthorized disclosure of any documents and/or information

10   contained within the documents subject to this Order to any person or entity that has not executed this

11   Order and is not included in the definition of a "Covered Person" in this Order, said person, entity or party

12   that has disclosed such documents and/or information shall be subject to sanctions and contempt for

13   violation of this Order.

14

15   Dated: August 21, 2007              ISAACMAN, KAUFMAN & PAINTER, P.C.

16                                         A Professional Corporation

17

18                                By:

                                          Robert W. Woods

19                                         Attorneys for Defendants Editions Limited

                                        West, Inc. and ArtSelect, Inc.

20

21   Dated: August 21, 2007

22                                         Richard A. De Liberty

                                        Attorney for Plaintiff Victoria Ryan

23   IT IS SO ORDERED

24

25   Dated:  August 23, 2007

26                                   PATRICIA V. TRUMBULL

                                  UNITED STATES MAGISTRATE JUDGE

27

28