UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>EDITIONS LIMITED WEST, INC. ET AL,<br><br>        Defendants. | Case No.: C- 06-4812   PVT<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY** |

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff Victoria Ryan ("Ryan") is an artist working in pastel on paper.[1]  Defendant Editions Limited West, Inc. ("Editions") is a publisher of art posters and is authorized to publish certain posters of Ms. Ryan's pastels.  Ryan asserts that Editions has improperly withheld royalties and supplied posters for the production of unauthorized reproductions of her works.  Defendant ArtSelect, Inc. ("ArtSelect"), is a retailer of posters, frames, canvas transfers, and canvas prints.  Ryan claims that ArtSelect has produced unauthorized canvas transfers from her posters.

On August 14, 2007, the Court issued an Order Granting in Part and Denying in Part, Ryan's Motion to Compel Discovery (the "Order").  For almost every document request, Ryan

---

[1]  The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

claimed that the documents sought were relevant to: "Ms. Ryan's claim of slander of title; Her allegation that the defendants maintain inadequate policies against infringement; and Her truth defense to Editions Limited's counterclaim for defamation." For a couple of the requests, Ryan claims "The category is relevant to Ms. Ryan's claims and defenses, and is not overbroad. The communications sought are relevant to all aspects of Ms. Ryan's claims and defenses." The Court found that this boilerplate language failed to explain the relevance of any documents sought.

On September 18, 2007, Ryan filed a motion for leave to file a motion to reconsider the Order. Ryan argues that leave is warranted because the court failed to consider material facts related to two rulings: 1) allegations of inadequate policies against misappropriation is not a claim or defense in this lawsuit; and 2) Ryan is the only impediment to Defendants' ability to dismiss the counterclaim. On September 19, 2007, Defendants submitted an opposition to Ryan's motion for leave. For the following reasons, Ryan's motion for leave is DENIED.

**II.    DISCUSSION**

**A.    Legal Standards**

A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civ. L.R. 7-9. The moving party must specifically show:

> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Civil Local rule 7-9 continues:

> No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

 Civ. L.R. 7-9(c).

### B.     First Alleged Manifest Failure to Consider Material Facts

Ryan takes issue with the Court's finding that "[t]he allegation of inadequate policies against misappropriation is not a claim or defense in this lawsuit."  (the Order at 4:15-16).  The Court went on to explain:

> The claim is copyright infringement against ArtSelect and contributory infringement against Editions.  In order to show contributory infringement, Ryan must show Editions "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, --- F.3d ----, 2007 WL 1892885,  (9th Cir. 2007), *quoting Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004).  Defendants argue that documents relating to other artists are not relevant.  Ryan's papers do not address how documents relating to the sale of other artists' works are relevant to showing knowledge of, or material contribution to,  infringement of Ryan's works.

(*Id.* at 4:16-5:2).  Ryan claims that this finding fails to consider the material fact that the complaint  "*does* contain such an allegation." (Motion for leave at 3:3) (emphasis in original).  Ryan argues:

> Plaintiff's Second Claim, for Unfair Competition, alleges that Editions Limited 'maintained a policy in favor of permitting canvas transfers of posters it publishes without regard to whether the copyright owner authorized canvas transfers and promoted that policy by deceptive practices, and thus engaged in unfair competition' and that ArtSelect 'failed to establish reasonable practices or follow common practices to avoid direct or contributory copyright infringement, and that failure was intentional in order to increase profits without regard to whether copyrights were infringed, and thus engaged in unfair competition.' (Compl. ¶¶ 71–72.)

(*Id.* at 3:3-6.)   These **allegations** in the Complaint, however, do not alter the court's ruling that there is no **claim** for "inadequate policies against misappropriation."  To the extent that Ryan now wishes to argue that some or all of the documents sought are relevant to the claim for unfair competition, this argument is precluded by the Civil Local Rules.  A motion for reconsideration based on facts or law not presented to the court originally requires a showing that the party "in the exercise of reasonable diligence . . .did not know such fact or law at the time of the interlocutory order."  Civil Local Rule 7-9(b)(1).  Here, Ryan has not shown that she was diligent but unaware of this argument at the time the order issued.   Accordingly, Ryan has not shown a manifest failure to consider material facts.

//

### C. Second Alleged Failure to Consider Material Facts

Ryan also takes issue with the Court's ruling that Plaintiff's document requests regarding Defendant's counterclaim for defamation were irrelevant because Ms. Ryan "is the only impediment to Defendants' [sic] dismissal of the counterclaim." (Order at 5.) Ryan now claims that this finding was in error because it:

> does not consider the fact that, given Ms. Ryan's anti-SLAPP motion, the merits of Editions Limited's counterclaim would remain relevant even if the claim was dismissed because Ms. Ryan's would still have a claim for attorney's fees and costs under the anti-SLAPP statute if she were found to be the prevailing party on her motion as the result of the dismissal. *Coltrain v. Shewalter,* 66 Cal. App. 4th 94, 107–108 (1998) (holding that plaintiff's dismissal of claim while anti-SLAPP motion was pending give rise to a presumption that the defendants were the prevailing parties on their motion and entitled to attorney's fees and costs).

(Mot. at 3.) Thus, Ryan argues that the court failed to consider the material fact that further discovery was warranted in order to prove that she is a prevailing party for the purposes of attorneys' fees.

This argument fails for two reasons. First, Ryan could have, but did not, argue in the original motion that the discovery was necessary to prove prevailing party status for an award of attorneys' fees. Instead, as quoted above, Ryan merely stated that the discovery sought was relevant to " Her truth defense to Editions Limited's counterclaim for defamation." Second, Ryan presents no authority for additional discovery to prove prevailing party status. Indeed, *Coltrain* specifically finds it inappropriate to waste scarce judicial resources to determine who would have won a voluntarily dismissed action. *Coltrain*, 66 Cal.App.4th at 103.[2] Instead, *Coltrain* states that a court should make a pragmatic determination of which side achieved their objectives. Accordingly, additional discovery into the merits of the case is not relevant to the issue of Ryan's potential right to attorney's fees and the Court did not fail to consider any material facts.

//

---

[2] Moreover, *Coltrain* addresses a currently pending motion to dismiss. In this case, the motion to dismiss had been denied and only the appeal was pending when Editions sought to voluntarily dismiss the counterclaim. Thus, there is no inference that the counterclaim was dismissed because of the filing of the motion to dismiss.

ORDER, *page 4*

### III.   CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that Ryan's Motion for Leave to File a Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: September    21,  2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge