UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDITIONS LIMITED WEST, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 06-04812 PVT <br><br> **ORDER GRANTING DEFENDANT EDITIONS LIMITED WEST, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **[Docket No. 127]** |

### INTRODUCTION

Defendant Editions Limited West, Inc. moves for partial summary judgment on the following two claims and issues: (1) whether plaintiff can obtain injunctive relief on a copyright infringement claim; and (2) whether plaintiff can obtain injunctive relief or any other type of relief on her claim alleging unfair competition. Plaintiff Victoria Ryan opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is submitted without oral argument. Having reviewed the papers and considered the arguments of counsel, defendant's motion for partial summary judgment is granted.[1]

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Pursuant to a case management order dated January 23, 2008, plaintiff Victoria Ryan moved for partial summary judgment. The court granted partial summary judgment in favor of the defendant on the following claims: (1) breach of contract; and (2) slander of title. In addition, the court found only one instance of copyright infringement and the damages for copyright infringement, if proven, limited to $1.72.

On July 22, 2008, defendant moved for partial summary judgment on the remaining claims and issues in the case. Remaining claims and issues in the case include the following: (1) whether plaintiff can obtain injunctive relief on the claim alleging copyright infringement; and (2) whether plaintiff can obtain injunctive or any other type of relief on the claim alleging unfair competition.

## DISCUSSION

### I. Good Cause Shown to Amend the Scheduling Order

"A schedul[ing] order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(4).

At a further case management conference held on January 22, 2008, the parties agreed that plaintiff would move for summary judgment because no facts were in dispute and the claims could be resolved as a matter of law. *See* Case Management Conference Order dated January 23, 2008. ("January 23, 2008 Order"). In her motion for partial summary judgment, plaintiff addressed most, but not all, of the claims alleged in the complaint. The court granted the motion for partial summary judgment in defendant's favor with respect to the breach of contract and slander in title claims. Now defendant moves for partial summary judgment on the remaining claims in an effort to fully resolve the case. Defendant claims that it had believed that all of the claims would have been addressed in plaintiff's prior motion for summary judgment. Instead, plaintiff moved for summary judgment on the sole issue of whether plaintiff is the prevailing party in the action.[3]

---

[2] The background facts are undisputed and have been set forth at length in the order dated December 27, 2007. ("December 27, 2007 Order").

[3] Plaintiff's motion for summary judgment on the above-specified issue has been taken under submission.

ORDER, *page 2*

Plaintiff objects to the instant motion on the grounds that defendant did not seek relief prior to filing the motion and argues that the motion contradicts the plan made by the parties at the prior case management conference.

Having reviewed the January 23, 2008 Order and considered the arguments of counsel, good cause has been shown and the case management conference order is modified to allow consideration of defendant's instant motion.

## II.     Remaining Claims and Issues in Plaintiff's Complaint

Defendant identifies two remaining claims and issues in the complaint. As the parties agree the facts are not in dispute, defendant claims these issues may be resolved by the court as a matter of law. The two issues relate to whether plaintiff may obtain injunctive relief on the claim alleging copyright infringement and whether plaintiff is entitled to injunctive or any other type of relief on the claim alleging unfair competition.

### A.     Legal Standards

"Rule 56(c) provides that the trial judge shall [] grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The advisory committee notes simply state that "[s]ummary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 (Advisory Committee Notes, 1937 Adoption).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.,supra,* 477 U.S. at 256. "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Id.* The court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.

### B. Plaintiff May Not Obtain Injunctive Relief on the Claim Alleging Copyright Infringement

"Upon prevailing in a statutory copyright infringement action, the plaintiff may obtain, in addition to a monetary recovery, a permanent injunction restraining further infringement, pursuant to Sec. 101(a) of the Copyright Act. Such injunctive relief ordinarily will not be granted when there is no probability or threat of continuing or additional infringements." *Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.,* 367 F.2d 236, 242 (9th Cir. 1966).

Here, there is no probability or threat of continuing or additional infringements. Defendant ELW stopped offering plaintiff Ryan's posters for sale on June 7, 2007. Prior to June 7, 2007, defendant ArtSelect had sold only one canvas transfer of Ryan's work. On June 9, 2007 defendant ELW notified defendant ArtSelect by email that plaintiff was no longer on the list of artists approved for canvas transfers. Moreover, Michael Jakota, CEO of defendant ELW, represents that it no longer offers plaintiff Ryan's posters for sale and will not do so again in the future. Declaration of Michael Jakota In Support of Defendant Editions Limited West, Inc.'s Motion for Partial Summary Judgment, ¶ 2. ("Jakota Decl."). Finally, the license agreement with defendant ArtSelect was canceled in June 2005 and the license agreement with defendant Environmental Graphics was canceled in December 2005.

Plaintiff complains that "a finding of infringement presumptively entitles the plaintiff to an injunction" and that defendant ELW's assurances that it will no longer infringe are inadequate.

In light of the one prior sale of the canvas transfer, the canceled license agreements between defendant ELW and defendants ArtSelect and Environmental Graphics and the representations by defendant ELW that plaintiff's works will no longer be offered for sale, the court finds that injunctive relief is not warranted here. *See e.g., Phillips v. The Constitution Publishing Co.,* 72 U.S.P.Q. 69, 70 (injunction is unnecessary where defendant avers it has no intention of violating plaintiff's copyright in the future.). Accordingly, defendant's motion for summary judgment as to this claim is granted.

### C. Alleged Claim of Unfair Competition is Preempted by the Copyright Act

Plaintiff Ryan also alleges a claim for unfair competition presumably in violation of

California Business & Professions Code § 17200.[4]  Specifically, plaintiff alleges in her complaint that "[d]efendant Editions Limited maintained a policy in favor of permitting canvas transfers of posters it publishes without regard to whether the copyright owner authorized canvas transfers and promoted that policy by deceptive practices, and thus engaged in unfair competition."  Complaint, ¶ 72.  Plaintiff further alleges that "[d]efendant Editions Limited encouraged the remaining defendants to produce, distribute and display copies and derivative works of Ms. Ryan's original pastels or posters, and thus engaged in unfair competition."  *Id.* at ¶ 73.

California Business & Professions Code § 17200 states in pertinent part that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  West's Ann. Cal. Bus. & Prof. Code § 17200.  "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."  West's Ann. Cal. Bus. & Prof. Code § 17203.  However, "[t]he Copyright Act expressly preempts 'all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright."  *Goldberg v. Cameron,* 482 F.Supp.2d 1136, 1151 (N.D. Cal. 2007).

The Ninth Circuit requires two elements to make a finding of preemption.  *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1212 (9th Cir. 1998).  First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act.  Second, the work involved must fall within the 'subject matter' of the Copyright Act as specified in 17 U.S.C. §§ 102 and 103.  *Id.*

In considering the first element, the court must determine whether a claim for unfair competition involves rights that are equivalent to those protected by the Copyright Act.  "'In order not to be equivalent, the right under state law must have an 'extra element' that 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim.'"  *Goldberg v. Cameron,* 482 F.Supp.2d at 1151. (internal citation omitted).  Here, plaintiff bases her unfair

---

[4] The complaint does not expressly state whether the claim of unfair competition arises under Cal. Bus. & Prof. Code § 17200 or the common law.  Nor does plaintiff make any clarification in her opposition.  Indeed, in the opposition, plaintiff merely refers to "claims for unfair competition."  As such, the court presumes that plaintiff alleges unfair competition under Cal. Bus. & Prof. Code § 17200.

competition claim on rights granted by the Copyright Act. In the averments of the copyright infringement claim, plaintiff alleges that "[d]efendants produced, distributed, and displayed copies of derivative works of the posters and original pastels without plaintiff's prior authorization." Complaint, ¶60. In addition, plaintiff alleges in her copyright infringement claim that "[d]efendant Editions Limited materially induced, caused, and contributed to said infringing production, distribution, and display" by the other defendants." *Id.* at ¶ 62. The claim of unfair competition against defendant Editions Limited is based on copyright infringement and the encouragement or inducement of copyright infringement by the other defendants. Indeed, the language in the copyright infringement claim alleging defendant ELW's "encouragement or inducement of copyright infringement" parallels language in the unfair competition claim alleging false representations and the "use of deceptive practices to promote a policy in favor of permitting canvas transfers." Therefore, no 'extra element' between the two claims exists which changes the nature of the action so that it is qualitatively different from a copyright infringement action and the first element for finding preemption has been met.

As for the second element, the court must determine whether plaintiff's artwork falls within the subject matter of the copyright. In the December 27, 2007 Order, the court found only one instance of copyright infringement that related to plaintiff's work entitled "Primavera I." Defendant ArtSelect sold one canvas transfer and defendant Environmental Graphics never sold any wall murals. Therefore, the second element has also been met.

Because both prongs have been met, the court finds that the claim for unfair competition is preempted by the Copyright Act. Accordingly, defendant's motion for summary judgment is granted in its favor.

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is granted. The hearing scheduled on September 16, 2008 is vacated.

IT IS SO ORDERED.

Dated: *September 15, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge