UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN, <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>EDITIONS LIMITED WEST, INC., et al., <br><br>　　　　　　Defendants. | Case No.: C 06-04812 PVT <br><br>**ORDER DENYING PLAINTIFF VICTORIA RYAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br>**[Docket No. 113]** |

## INTRODUCTION

Plaintiff Victoria Ryan moves for partial summary judgment. Based on the outcome of the case and the prevailing party clause in the agreement between herself and defendant Editions Limited West, Inc., plaintiff alleges she is entitled to attorney's fees. Defendant Editions Limited West, Inc. ("Editions") opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion was submitted without oral argument. Having read the papers and considered the arguments of counsel, plaintiff's motion for partial summary judgment is denied.[1]

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

**BACKGROUND[2]**

Ryan is an artist working in pastel on paper. Editions is a publisher of art posters. In 1995, Ryan and Editions entered into a written agreement wherein Ryan granted Editions the exclusive right to publish certain of her paintings as posters. The agreement expressly referenced posters and was silent as to canvas transfers, canvas prints (giclees), and wall murals. ("Agreement"). Indeed, Ryan has never authorized anyone, other than herself, to publish her paintings as canvas transfers, canvas prints (giclees) or wall murals. The Agreement provides for attorney's fees to the prevailing party in any suit "with regard" to the agreement. Section 12 of the Agreement expressly states the following:

> In the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorney's fees.

In 2004, Ryan realized that "at least one" Internet retailer was offering canvas transfers of her posters. A canvas transfer is a remounting of a paper poster onto canvas, destroying the paper poster in the process. Ryan sent an email to Todd Haile of Editions on November 9, 2004 soliciting his opinion as to ethics and propriety of canvas transfers.[3] In addition, Ryan contacted Editions itself. Editions stated that it did not authorize any canvas transfers, but it could not prevent all purchasers from making canvas transfers. Editions maintained a policy in its catalog prohibiting the posters it sells to be used for canvas transfers. Nonetheless, Editions offered to contact any business that Ryan found making canvas transfers and notify it to stop. Ryan declined to inform Editions of the names of any businesses because it "would be a huge endeavor."

In April 2005, Editions provided to an art retailer, named ArtSelect, a list of artworks that could be made into canvas prints (giclees). A giclee is created by applying ink directly to canvas. The list included four of Ryan's artworks. In May 2005, Editions then provided ArtSelect with a list

---

[2] A complete recitation of the undisputed background facts was set forth in the order granting motion for partial summary judgment and requiring settlement conference, which was entered on December 27, 2007. ("December 27, 2007 Order"). Only an abbreviated recitation of the same undisputed background facts is presented here.

[3] The court previously concluded that based on Ryan's email to Todd Haile, "it is reasonable to infer that Editions knew or should have known that there was an issue regarding Ryan's consent to canvas transfers." December 27, 2007 Order at 5.

of Editions artists whose works were approved for canvas transfers. Ryan's name was on the list. In June 2005, Editions entered into a license agreement with Environmental Graphics, allowing Environmental Graphics to print art images as art murals. The list included six of Ryan's artworks.

On June 9, 2005, Ryan informed Editions that she disapproved of any canvas transfers of her artwork. That same day, Editions notified ArtSelect that Ryan was no longer approved for canvas transfers. And ArtSelect responded that it had removed Ryan from its canvas lines. ArtSelect never sold any giclees of Ryan's works.

Prior to being notified that Ryan had not approved her work for canvas transfers, ArtSelect had sold one canvas transfer of a poster of artwork entitled "Primavera I." The artwork was sold on May 27, 2005 for $98.96 but later returned for a full refund. On July 26, 2005, the canvas transfer was resold through the ArtSelect outlet for $51.69. ArtSelect's costs totaled $49.97, resulting in a profit of $1.72.

In or around late 2005, Ryan discovered that Environmental Graphics was offering wallpaper murals of her posters for sale. Following receipt of Ryan's letter, Editions notified Environmental Graphics that Ryan's works were not approved for wall murals. Environmental Graphics never sold any wall murals of Ryan's artworks.

On December 13, 2005, Ryan sent Editions a letter demanding Editions: (1) cease and desist from allowing derivative works; (2) produce documents relating to sales of Ryan's artworks; and (3) produce documents relating to permission for derivative works of any Editions' artist. On December 19, 2005, Editions responded to Ryan's letter and stated that it "does not manufacture, sell or condone the manufacture and sale of canvas transfers." Editions further stated that it "denies that it in any way induces, causes or materially contributes to" any canvas transfers. Editions also stated that it had no duty to investigate what uses purchasers made of posters, but that it "will certainly put any purchaser on notice of Ms. Ryan's concern, if and when, it determines that canvas transfers are, in fact, being manufactured."

In January 2006, Ryan sent cease and desist letters to "a number of retailers." One such letter was sent to ArtSelect, which in turn, responded that it had never sold any canvas transfers of Ryan's artworks.

On August 9, 2006, Ryan filed her complaint alleging claims of copyright infringement against Editions and ArtSelect, contributory infringement against Editions, unfair competition against ArtSelect for making unauthorized canvas transfers and against Editions for encouraging ArtSelect to engage in copyright infringement, slander of title against Editions for falsely representing that it had had authority to produce canvas transfers, wallpaper murals, or other derivative works, and breach of contract against Editions for failing to identify purchasers of the posters and engaging "in a pattern of deceptive and unfair practices in connection with Plaintiff's copyrights."

On December 27, 2007, the court granted partial summary judgment in favor of defendant Editions on the breach of contract and the slander of title claims. The court found only one instance of copyright infringement and concluded that damages, if proven, were limited to $1.72.

On September 15, 2008, the court granted partial summary judgment in favor of defendant Editions and found that plaintiff was not entitled to injunctive relief under the copyright infringement claim and that the Copyright Act preempted the claim for unfair competition. ("September 15, 2008 Order").

**LEGAL STANDARD**

Under Rule 56(c), the trial judge shall grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 (1937 Advisory Committee Notes). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 256. Rule 56(e) states that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or

denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. *Id.* The court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588. "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 252.

**DISCUSSION**

Based on the outcome of the case thus far and the "goals" of the litigation stated at the outset of the case, Ryan contends that she is the prevailing party and therefore, entitled to recover attorney's fees under the Agreement. In specific support of her position, Ryan states that all of the goals outlined in her December 13, 2005 cease and desist letter to Editions have been accomplished by the lawsuit. The letter set forth the following demands: (1) cease and desist from allowing derivative works; (2) produce documents relating to sales of Ryan's artworks; and (3) produce documents relating to permission for derivative works of any Editions' artist. As a result of the lawsuit and contrary to the false representations made by Editions to Ryan, Ryan was able to determine that Editions had entered into at least two license agreements which improperly authorized derivative works of her art. Ryan argues that the lawsuit enjoined further misconduct by Editions and caused her to obtain an accounting of defendants' past misconduct.

Editions disputes that Ryan is the prevailing party in the case. And advances several reasons in support of its position thereto. First, Editions points out that in the December 27, 2007 Order, the court granted summary judgment in its favor on the breach of contract and slander of title claims. Specifically, there was no evidence of damages for either the contract or slander of title claims. The court found only one instance of copyright infringement and damages, if proven, would be limited to $1.72. Statutory damages and attorney's fees were not available under the copyright infringement claim. Having lost on the breach of contract claim, Editions argues that Ryan cannot be the prevailing party on the contract claim. Second, Editions disputes that Ryan can be considered the

prevailing party on any of the non-contract claims because she has not prevailed on any of the other claims.[4]  Third, Editions disputes whether achievement of the goals set forth in the December 13, 2005 cease and desist letter is tantamount to being the prevailing party in the case.  Nevertheless, Editions disputes whether Ryan achieved any more than the first of the stated goals, which sought to make Editions cease and desist from allowing derivative works of Ryan's artworks.  Editions notes, however, that the two license agreements it had with ArtSelect and Environmental Graphics were cancelled at least nine months prior to the filing of the lawsuit.  Notwithstanding Ryan's arguments that she was able to obtain an accounting in the case, Editions notes that Ryan made no claim for accounting in her complaint and did not accomplish that goal.  Rather, in support of the motion for partial summary judgment, defendants provided proof of the maximum profits earned by ArtSelect on the sale of one canvas transfer.  For its part, Editions earned no profits from the sale.

In California, "'unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable." *Sunnyside Development Co., LLC v. Opsys Limited,* 2007 WL 2462141 (N.D. Cal.)(internal citations omitted).  "Where a contract does provide for attorneys' fees, these contractual provisions are governed by California Civil Code section 1717." *Id.*  California Civil Code §1717 states in pertinent part as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract,* whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

California Civil Code §1717 (emphasis added).  "The party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." *Id.* at (b)(1).  "[T]he definition of 'prevailing party' in Civil Code section 1717 is mandatory and cannot be altered or avoided by contract." *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th 698, 707 (1998)(internal citation omitted)  "Application of [California Civil Code section 1717] is subject to the 'ordinary

---

[4] After this motion was filed, the court has since granted summary judgment in favor of Editions on the unfair competition claim.  The court also found that Ryan was not entitled to injunctive relief under the copyright infringement claim.  *See* September 15, 2008 Order.  Editions notes that judgment has not been rendered on the single claim of copyright infringement and has since moved for leave to file a motion for partial summary judgment on that remaining issue.

rules of contract interpretation,' which is governed by 'the mutual intention of the parties at the time the contract is formed.'" *Sunnyside Development Co., LLC v. Opsys Limited,* 2007 WL 2462141 (N.D. Cal.)(citing *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at 709.). "'Such intent is to be inferred, if possible, solely from the written provisions of the contract.'" *Id.* "The 'clear and explicit' meaning of these provisions, [are] interpreted in their 'ordinary and popular' sense. . . . Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we would apply that meaning . . ." *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at 709.

Section 11 of the Agreement states that it is governed by California state law. Section 12 of the Agreement provides as follows:

> In the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorney's fees.

The phrase "with regard to this Agreement" is broad. And the agreement does not define a "prevailing party." Under California Civil Code §1717, Editions would be considered the prevailing party because it had prevailed on the contract claim. *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at *4. (under section 1717, the court determines which party is entitled to attorney's fees on a contract claim *only*.). Though the broad language in the prevailing party clause arguably could encompass alleged non-contract claims, it strains logic to conclude, as Ryan suggests, that the prevailing party under the agreement would be the party that had merely accomplished the goals set forth in a cease and desist letter that had preceded *actual* litigation. Indeed, Ryan cites no authority in support of her proposition that the goals set forth in a cease and desist letter and the alleged accomplishment of those goals serves as the measure to determine the prevailing party regardless of the outcome of the case. Rather, another court has concluded that "[i]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Acree v. GM Acceptance Corp.,* 92 Cal. App. 4th 385, 399 (2001). "In determining litigation success, courts should respect substance rather than form, and to this extent should be guided by equitable considerations.'" *Id.*

In this case, the court has found in favor of Editions on the breach of contract, slander of title and unfair competition claims. The court found only one instance of copyright infringement and damages, if proven, limited to $1.72. In addition, the court has found that statutory damages, attorney's fees or injunctive relief are not available to Ryan under the copyright infringement claim. And indisputably, the damages are of a *de minimis* amount. Therefore, statutory damages and attorney's fees are not available to Ryan on the sole claim on which she prevailed in the case. Finally, Editions terminated the two license agreements with respect to Ryan at least nine months prior to filing the instant case. Even viewing the prevailing party clause in its broadest interpretation, in both substance and form, Ryan cannot be found to be the prevailing party here. And for its part, ArtSelect was not a party to the Agreement and therefore, not liable for attorney's fees. Accordingly, plaintiff's motion for partial summary judgment is denied.

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for partial summary judgment is denied.

IT IS SO ORDERED.

Dated: *September 30, 2008*

*[signature: Patricia V. Trumbull]*

PATRICIA V. TRUMBULL
United States Magistrate Judge