UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| VICTORIA RYAN, | ) | Case No.: C 06-04812 PVT |
|---|---|---|
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT EDITIONS LIMITED WEST, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | ) | |
| EDITIONS LIMITED WEST, INC., et al., | ) | **[Docket No. 135]** |
| Defendants. | ) | |

**INTRODUCTION**

Defendant Editions Limited West, Inc. moves for summary judgment. Plaintiff Victoria Ryan opposes the motion. The parties appeared for hearing. Having read the papers and considered the arguments of counsel, defendant's motion for summary judgment is granted.[1]

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

**BACKGROUND**

Victoria Ryan is an artist. ("Ryan"). Editions Limited West is her publisher and is authorized to publish some of Ryan's works as posters. ("ELW"). ArtSelect is a retailer of artwork. The agreement that plaintiff and defendant ELW entered into granted ELW the exclusive right to publish some of plaintiff's paintings as posters. The agreement expressly referenced posters but was silent as to canvas transfers, canvas prints (giclees), and wall murals. In 2004, when plaintiff realized that at least one Internet retailer was offering canvas transfers of her posters, she sent an email to Todd Haile of ELW asking his opinion as to the ethics and propriety of canvas transfers. Plaintiff also contacted ELW directly about this matter. ELW told plaintiff that it did not authorize any canvas transfers of her works but that it could not prevent all purchasers from making canvas transfers. ELW did, however, maintain a policy in its catalogue prohibiting the posters it sells to be used for canvas transfers.

In or around April 2005, ELW provided ArtSelect with a list of artworks that could be made into canvas prints (giclees). This list included four of plaintiff's artworks. In May 2005, ELW provided ArtSelect with a list of artists whose works were approved for canvas transfers. Plaintiff's name was also on this list.

In or around June 2005, plaintiff informed ELW that she disapproved of any canvas transfers of her artwork. Later that same day, ELW notified ArtSelect that plaintiff's works were no longer approved for canvas transfers. In response, ArtSelect immediately removed plaintiff from its list. However, prior to being notified that plaintiff's works were not approved for canvas transfers, ArtSelect had sold one canvas transfer of a poster of plaintiff's artwork entitled "Primavera I" for $98.96. The artwork was later returned for a full refund. It was then resold through the Art Select outlet for $51.69. ArtSelect's costs totaled $49.94, resulting in a profit of only $1.72.

In August 2006, plaintiff filed a complaint alleging: (1) Copyright Infringement against ELW and ArtSelect and Contributory Infringement against ELW; (2) Unfair Competition against ArtSelect for making unauthorized canvas transfers, and against ELW, by encouraging ArtSelect to engage in copyright infringement; (3) Breach of contract claims against ELW, by failing to identify purchasers of the posters and engaging in a pattern of deceptive and unfair practices in connection

with plaintiff's copyrights; and (4) Slander of Title against ELW, by falsely representing that it has authority to produce canvas transfers, wallpaper murals, or other derivative works.

On December 27, 2007, the court granted partial summary judgment in favor of defendant ELW on the breach of contract claim and the slander of title claim. Additionally, the court found only one instance of copyright infringement and that damages, if proven, was limited to $1.72. ("December 27, 2007 Order").

On September 15, 2008, the court granted partial summary judgment in favor of defendant ELW and found that plaintiff was not entitled to injunctive relief under the copyright infringement claim and that the Copyright Act preempted the claim for unfair competition. ("September 15, 2008 Order").

Presently, defendant ELW moves for summary judgment, claiming that judgment should be awarded to ELW on all remaining claims. Additionally, defendant ELW claims that judgment should be awarded to plaintiff against ArtSelect for a single act of copyright infringement and that damages should be awarded in the amount of $1.72.

In support of this motion, defendant asserts that all facts required to summarily adjudicate the two remaining claims, copyright infringement and contributory copyright infringement, have already been found by the court to be without controversy. Defendant alleges that there is no triable issue of fact to support plaintiff's claim that defendant ELW is liable for either contributory copyright infringement or vicarious copyright infringement. Defendant claims that the following facts, found to be without controversy, form the basis of summary judgment:

1. On June 9, 2005, plaintiff Ryan notified ELW that canvas transfers of her works were not authorized;

2. On June 9, 2005, ELW notified ArtSelect that plaintiff Ryan's artwork was not approved for any canvas transfers;

3. On June 9, 2005, ArtSelect responded to ELW's notice stating that it had removed plaintiff Ryan's artwork from its canvas lines;

4. On July 26, 2005, ArtSelect sold one canvas transfer of plaintiff Ryan's artwork earning a profit in the amount of $1.72;

5. ELW never sold any canvas transfers of plaintiff Ryan's works; and

6. ELW's only profit was derived from its sale of a poster to ArtSelect.

Plaintiff Ryan opposes the motion, alleging that ELW is liable for infringement of plaintiff's exclusive authorization right and for contributory and vicarious liability. Plaintiff Ryan claims that defendant ELW infringed plaintiff Ryan's exclusive authorization rights when it purported, without plaintiff Ryan's consent, to authorize ArtSelect to produce canvas transfers of her posters. Plaintiff Ryan states that by providing this authorization, defendant ELW induced ArtSelect to produce and distribute unauthorized canvas transfers. Plaintiff Ryan also alleges that defendant ELW had the ability to control ArtSelect's infringing conduct because defendant ELW could have prevented ArtSelect's infringement by denying permission and refusing to sell ArtSelect the poster to produce the canvas transfer.

Moreover, plaintiff Ryan claims that defendant ELW's notice to ArtSelect that plaintiff Ryan's posters were "no longer approved" for canvas transfers did not extinguish its liability for improperly authorizing and knowingly selling plaintiff Ryan's posters for infringing uses. Plaintiff Ryan asserts that defendant ELW was liable for copyright infringement even before ELW sent a notice to ArtSelect stating that plaintiff Ryan's works were "no longer approved for canvas transfers;" ELW had already sold and profited from selling ArtSelect the poster for canvas transfer. Thus, plaintiff Ryan alleges, even if the outlet sale had never occurred, she would be entitled to recover all the profits attributable to the canvas transfer.

## LEGAL STANDARD

Under Rule 56(c), the trial judge shall grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 (1937 Advisory Committee Notes). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 256.  Rule 56(e) states that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. *Id.* The court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 252.

Summary judgment is a proper way to dispose of claims of copyright infringement where there are no genuine issues as to any material facts. *Lichfield v. Spielberg,* 736 F.2d 1352 (9th Cir. 1984) *cert. denied,* 470 U.S. 1052 (1985).

## DISCUSSION

### A.     Plaintiff Ryan's Claims of Contributory Copyright Infringement

To be liable for contributory copyright infringement, the alleged infringer must: "(1) ha[ve] knowledge of a third party's infringing activity, and (2) induce[], cause[], or materially contribute[] to the infringing conduct." *Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 795 (9th Cir. 2007); *see also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005) (holding that a party is liable for contributory copyright infringement if the party intentionally induced or encouraged direct infringement through specific acts).  The accused party's mere knowledge of the infringing conduct is insufficient to show contributory infringement. *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004).  A party is liable for contributory infringement if it had knowledge that the infringing works were available and could have taken "simple measures to prevent further damage" to copyrights works but failed to do so. *Perfect 10, Inc. v. Amazon.com, Inc.,* 487 F.3d 701, 729 (9th Cir. 2007).

In the present case, defendant ELW alleges that it did not know of ArtSelect's infringing activity and did not induce, cause or materially contribute to ArtSelect's one act of direct infringement. Plaintiff Ryan has failed to demonstrate evidence that defendant ELW had any knowledge of the infringing conduct. In fact, ArtSelect, itself, did not have knowledge of the infringing conduct until the present litigation ensued. Therefore, there is no triable issue of fact as to the first requirement of contributory infringement.

With regards to the second requirement for contributory copyright infringement, defendant ELW claims that there is no triable issue of fact as to whether it induced, caused, or materially contributed to the infringing conduct. Defendant ELW states that it is an undisputed fact that when it was notified by plaintiff Ryan on June 9, 2005 that her works should not have been available for canvas transfers, defendant ELW immediately notified ArtSelect. It is further undisputed that ArtSelect quickly responded that it had removed plaintiff Ryan's artwork from its canvas transfer line.

The single act of copyright infringement occurred on July 26, 2005; over a month after defendant ELW had notified ArtSelect to cease further use of plaintiff Ryan's artwork for canvas transfers. Despite receiving notice from ELW that plaintiff Ryan's works were not to be used for canvas transfers, ArtSelect, nonetheless, sold a single canvas transfer of plaintiff Ryan's artwork. Based on these uncontested facts, ELW did not materially contribute to the single instance of copyright infringement, and thus, there is no triable issue of material fact that would establish that ELW had committed any act of contributory copyright infringement.

**B.      Plaintiff Ryan's Claims of Vicarious Copyright Infringement**

A party is only liable for vicarious copyright infringement if: (1) "he enjoys a direct financial benefit from another's infringing activity," and (2) "has the right and ability to supervise the infringing activity." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004).

Plaintiff Ryan alleges that defendant ELW had a direct financial interest in ArtSelect's infringing activity "not only because it profited from selling posters, but also because its permissive policies enhanced its good will with ArtSelect and encouraged the promotion of ELW-published posters on ArtSelect's Internet site."

Defendant ELW asserts that there is no controversy as to the fact that ELW did not receive any financial benefit from the one infringing act of ArtSelect. Defendant ELW claims that it does not manufacture or sell canvas transfers and received absolutely no financial benefit as a result of ArtSelect's sale of the single canvas transfer made on July 26, 2005. While defendant ELW may have enjoyed a financial benefit from entering into a contract and partnering with ArtSelect, it did not enjoy a direct financial benefit from ArtSelect's infringing activity. Based on the lack of any direct financial benefit from ArtSelect's one act of copyright infringement, ELW claims that it should be relieved from any liability as a vicarious infringer of plaintiff Ryan's artwork.

**CONCLUSION**

Based on the foregoing reasons, defendant ELW's motion for summary judgment on the two remaining claims of copyright infringement, including contributory copyright infringement and vicarious copyright infringement is granted.

Defendant ArtSelect is liable for one claim of copyright infringement and plaintiff Ryan shall be awarded damages in the amount of $1.72.[2]

IT IS SO ORDERED.

Dated: June 4, 2009

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Counsel for defendant ELW also represents defendant ArtSelect in the above-captioned action. ArtSelect concedes that "[p]laintiff should be awarded damages in the amount of $1.72 against defendant ArtSelect for one act of copyright infringement." Notice of Motion and Motion for Summary Judgment at p. 2. Plaintiff Ryan notes the concession in her opposition. Opposition to Motion for Summary Judgment at p. 5.