UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTORIA RYAN, | ) | Case No.: C 06-04812 PVT |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF** |
| v. | ) | **RYAN'S MOTION FOR** |
| | ) | **RECONSIDERATION; AND ORDER** |
| EDITIONS LIMITED WEST, INC., ET AL., | ) | **DENYING MOTION TO EXTEND** |
| | ) | **TIME FOR FILING BILL OF COSTS** |
| | ) | |
| Defendants. | ) | **[Docket Nos. 155, 159]** |
| _____ | ) | |

On July 13, 2009, the court granted as unopposed defendant Editions Limited West, Inc.'s motion for award of attorneys' fees. ("July 13, 2009 Order"). *See* Docket No. 150. Plaintiff Victoria Ryan had failed to timely oppose the motion. On July 15, 2009, plaintiff Ryan moved for relief from the order, or in the alternative, for reconsideration. In sum, plaintiff Ryan states that the parties were working on a stipulation to continue the hearing on defendant Editions Limited's motion and attributes "excusable neglect" to her counsel's failure to timely respond whatsoever. Defendant Editions Limited opposes the motion on the grounds that the stipulation was to extend the hearing date, not to extend the date for response.

On July 20, 2009, plaintiff Ryan further moved to extend time for filing a bill of costs and objections to a bill of costs. On June 16, 2009, the court had entered judgment in favor of Victoria Ryan and against defendant ArtSelect, Inc., and in favor of defendant Editions Limited and against

plaintiff Ryan. ("Judgment"). Under Civ. L.R. 54-1, a prevailing party claiming taxable costs must serve and file a bill of costs no later than 14 days after entry of judgment or order under which costs may be claimed. Under Civ. L.R. 54-2, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection, within 10 days after service by any party of its bill of costs. Plaintiff Ryan filed neither a bill of costs nor objections. Rather, plaintiff Ryan's counsel blames his travel schedule, other work commitments, and working alone ("effectively, on a *pro bono* basis") on this case as causes for his "excusable neglect." Defendant Editions Limited opposes the motion.

Having reviewed the papers for both motions and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiff Ryan's motion for relief, or in the alternative, for reconsideration, is granted. Plaintiff Ryan states that her counsel believed that "the parties could stipulate to change the hearing date after the deadline for an opposition passed even if no opposition had been filed." Defendant Editions Limited concedes that the parties were working on a stipulation to extend the hearing date but contends that such a stipulation did not provide for additional time to oppose the motion.

Plaintiff Ryan's counsel mistakenly believed that extending the hearing date even after the opposition had been due (based on the originally noticed hearing date) would also extend the response date for the opposition. Accordingly, the July 13, 2009 Order is vacated. Plaintiff Ryan shall file an opposition to defendant Editions's motion for award of attorneys' fees no later than September 4, 2009. Defendant Editions shall file a reply, if any, no later than September 25, 2009. Pursuant to Civ. L.R. 7-1(b), the motion will be taken under submission and the August 25, 2009 hearing is vacated.

IT IS FURTHER ORDERED that plaintiff Ryan's motion for extension of time to file a bill of costs and objection to bill of costs is denied.

In evaluating a claim of "excusable neglect," the court must conduct a four-part balancing test which includes the following factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving

party's conduct was in good faith.  *Laffit Pincay, Jr., et al. v. Vincent S. Andrews, et al.,* 389 F.3d 853, 855 (9th Cir. 2004).  "[U]nder Rule 6(b), ['excusable neglect'] is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Svcs. Co. v. Brunswick Assoc. Ltd. Partnership, et al.,* 507 U.S. 380, 392, 113 S. Ct. 1489 (1993).  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 394.

First, defendants ArtSelect and Editions Limited are prejudiced by plaintiff Ryan's multiple failures to timely file a bill of costs and to oppose a bill of costs.  Defendant Editions Limited notes that it has incurred substantial fees and costs in defending against the above-captioned action.  The local rules set forth specific deadlines to file a bill of costs and to file objections to a bill of costs.  *See* Civ. L.R. 54-1 and 54-2.  Defendants (as well as the court) rely on these deadlines, in part, to manage the litigation.

Second, the length of delay is not insignificant here.  The court entered judgment on June 16, 2009.  Plaintiff Ryan moved to extend the date for filing both a bill of costs and objections to a bill of costs more than one month later.  Indeed, it was the failure to timely oppose defendant Editions Limited's motion for attorneys' fees that caused plaintiff Ryan's counsel to review the rules and to determine that he had missed two other deadlines related to filing a bill of costs and objections to a bill of costs.  Both deadlines have long since passed and to extend the time for further filings delays resolution of the case.

Third, the reasons for delay are far from persuasive.  Plaintiff's counsel refers to travel (for a family trip to New York), a "fixation" on one defendant over another defendant, confusion regarding the requirements between attorneys' fees and costs, and his representation of plaintiff on "effective[ly] a *pro bono* basis" as reasons for causing the delay in filings.  In addition, plaintiff's counsel notes that he had other work obligations competing for his attention, including the recent completion of a 6-day arbitration and post-trial briefing.  Undoubtedly, the work obligations of a litigator are difficult and challenging ones.  However, the court finds that the various reasons set forth above were all well within the reasonable control of plaintiff's counsel.

Fourth, in spite of the multiple failures to meet the deadlines discussed above, the court finds

1  that the conduct of plaintiff's counsel was in good faith.

2       On balance, and taking into account all the relevant circumstances surrounding the failures to
3  timely file a bill of costs and objections to a bill of costs, the court is not persuaded to excuse
4  neglect.

5       IT IS SO ORDERED.

6  Dated: *8/10/09*

7

8                                PATRICIA V. TRUMBULL
                              United States Magistrate Judge