UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>EDITIONS LIMITED WEST, INC., ET AL.,<br><br>　　　　　　Defendants. | Case No.: C 06-4812 PVT<br><br>**ORDER GRANTING DEFENDANT EDITIONS LIMITED WEST, INC.'S MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>**[Docket No. 144]** |

**INTRODUCTION**

On July 13, 2009, defendant Editions Limited West, Inc.'s motion for award of attorneys' fees (totaling $126, 972.50) was granted as unopposed. ("Editions Limited"). ("July 13, 2009 Order"). (Docket No. 150). Plaintiff Victoria Ryan did not timely oppose the motion.

On July 15, 2009, plaintiff Ryan moved for relief from the order, or in the alternative, for reconsideration. In sum, plaintiff Ryan stated that the parties had been working on a stipulation to continue the hearing on defendant Edition Limited's motion and she contended that "excusable neglect" caused her counsel to fail to timely respond whatsoever. On August 12, 2009, the court granted plaintiff Ryan's motion for reconsideration and she later filed an opposition to defendant Editions Limited's motion for award of attorneys' fees. Order Granting Plaintiff Ryan's Motion for Reconsideration; and Order Denying Motion to Extend Time for Filing Bill of Costs filed August 12, 2009. ("August 12, 2009 Order"). (Docket No. 165). Pursuant to Civ. L.R. 7-1(b), the motion

was taken under submission and the hearing scheduled to be held was vacated. Having reviewed the papers and considered the arguments of counsel, defendant Editions Limited's motion for award of attorneys' fees is granted.[1]

**BACKGROUND**

Ryan is an artist working in pastel on paper. Editions is a publisher of art posters. In 1995, Ryan and Editions entered into a written agreement wherein Ryan granted Editions the exclusive right to publish certain of her paintings as posters. The agreement expressly referenced posters and was silent as to canvas transfers, canvas prints (giclees), and wall murals. ("Agreement"). Indeed, Ryan has never authorized anyone, other than herself, to publish her paintings as canvas transfers, canvas prints (giclees) or wall murals. The Agreement provides for attorney's fees to the prevailing party in any suit "with regard" to the agreement. Section 12 of the Agreement expressly states the following:

> In the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorney's fees.

In 2004, Ryan realized that "at least one" Internet retailer was offering canvas transfers of her posters. A canvas transfer is a remounting of a paper poster onto canvas, destroying the paper poster in the process. Ryan sent an email to Todd Haile of Editions on November 9, 2004 soliciting his opinion as to ethics and propriety of canvas transfers.[2] In addition, Ryan contacted Editions itself. Editions stated that it did not authorize any canvas transfers, but it could not prevent all purchasers from making canvas transfers. Editions maintained a policy in its catalog prohibiting the posters it sells to be used for canvas transfers. Nonetheless, Editions offered to contact any business that Ryan found making canvas transfers and notify it to stop. Ryan declined to inform Editions of the names of any businesses because it "would be a huge endeavor."

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

[2] The court previously concluded that based on Ryan's email to Todd Haile, "it is reasonable to infer that Editions knew or should have known that there was an issue regarding Ryan's consent to canvas transfers." December 27, 2007 Order at 5.

In April 2005, Editions provided to an art retailer, named ArtSelect, a list of artworks that could be made into canvas prints (giclees). A giclee is created by applying ink directly to canvas. The list included four of Ryan's artworks. In May 2005, Editions then provided ArtSelect with a list of Editions artists whose works were approved for canvas transfers. Ryan's name was on the list. In June 2005, Editions entered into a license agreement with Environmental Graphics, allowing Environmental Graphics to print art images as art murals. The list included six of Ryan's artworks.

On June 9, 2005, Ryan informed Editions that she disapproved of any canvas transfers of her artwork. That same day, Editions notified ArtSelect that Ryan was no longer approved for canvas transfers. And ArtSelect responded that it had removed Ryan from its canvas lines. ArtSelect never sold any giclees of Ryan's works.

Prior to being notified that Ryan had not approved her work for canvas transfers, ArtSelect had sold one canvas transfer of a poster of artwork entitled "Primavera I." The artwork was sold on May 27, 2005 for $98.96 but later returned for a full refund. On July 26, 2005, the canvas transfer was resold through the ArtSelect outlet for $51.69. ArtSelect's costs totaled $49.97, resulting in a profit of $1.72.

In or around late 2005, Ryan discovered that Environmental Graphics was offering wallpaper murals of her posters for sale. Following receipt of Ryan's letter, Editions notified Environmental Graphics that Ryan's works were not approved for wall murals. Environmental Graphics never sold any wall murals of Ryan's artworks.

On December 13, 2005, Ryan sent Editions a letter demanding Editions: (1) cease and desist from allowing derivative works; (2) produce documents relating to sales of Ryan's artworks; and (3) produce documents relating to permission for derivative works of any Editions' artist. On December 19, 2005, Editions responded to Ryan's letter and stated that it "does not manufacture, sell or condone the manufacture and sale of canvas transfers." Editions further stated that it "denies that it in any way induces, causes or materially contributes to" any canvas transfers. Editions also stated that it had no duty to investigate what uses purchasers made of posters, but that it "will certainly put any purchaser on notice of Ms. Ryan's concern, if and when, it determines that canvas transfers are, in fact, being manufactured."

In January 2006, Ryan sent cease and desist letters to "a number of retailers." One such letter was sent to ArtSelect, which in turn, responded that it had never sold any canvas transfers of Ryan's artworks.

On August 9, 2006, Ryan filed her complaint alleging claims of copyright infringement against Editions and ArtSelect, contributory infringement against Editions, unfair competition against ArtSelect for making unauthorized canvas transfers and against Editions for encouraging ArtSelect to engage in copyright infringement, slander of title against Editions for falsely representing that it had had authority to produce canvas transfers, wallpaper murals, or other derivative works, and breach of contract against Editions for failing to identify purchasers of the posters and engaging "in a pattern of deceptive and unfair practices in connection with Plaintiff's copyrights."

On December 27, 2007, the court granted partial summary judgment in favor of defendant Editions on the breach of contract and the slander of title claims. The court found only one instance of copyright infringement and concluded that damages, if proven, were limited to $1.72.

On September 15, 2008, the court granted partial summary judgment in favor of defendant Editions and found that plaintiff was not entitled to injunctive relief under the copyright infringement claim and that the Copyright Act preempted the claim for unfair competition. ("September 15, 2008 Order").

On September 30, 2008, the court denied plaintiff Ryan's motion for partial summary judgment. ("September 30, 2008 Order"). She had alleged that since Ryan had fulfilled all the goals set forth in her December 13, 2005 cease and desist letter to Editions Limited, she was entitled to attorneys' fees.

On June 4, 2009, the court granted defendant Editions Limited's motion for partial summary judgment on claims of contributory and vicarious copyright infringement. ("June 4, 2009 Order"). (Docket No. 142).

Pursuant to summary judgment orders dated December 27, 2007, September 15, 2008, September 30, 2008, and June 4, 2009, judgment was found in favor of defendants Editions Limited and against plaintiff Ryan. Judgment filed on June 16, 2009. ("Judgment"). (Docket No. 143).

**LEGAL STANDARD**

In California, "'unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable." *Sunnyside Development Co., LLC v. Opsys Limited,* 2007 WL 2462141 (N.D. Cal.)(internal citations omitted). "Where a contract does provide for attorneys' fees, these contractual provisions are governed by California Civil Code section 1717." *Id.* California Civil Code §1717 states in pertinent part as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, *then the party who is determined to be the party prevailing on the contract,* whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

California Civil Code §1717 (emphasis added). "The party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." *Id.* at (b)(1). "[T]he definition of 'prevailing party' in Civil Code section 1717 is mandatory and cannot be altered or avoided by contract." *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th 698, 707 (1998)(internal citation omitted) "Application of [California Civil Code section 1717] is subject to the 'ordinary rules of contract interpretation,' which is governed by 'the mutual intention of the parties at the time the contract is formed.'" *Sunnyside Development Co., LLC v. Opsys Limited,* 2007 WL 2462141 (N.D. Cal.)(citing *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at 709.). "'Such intent is to be inferred, if possible, solely from the written provisions of the contract.'" *Id.* "The 'clear and explicit' meaning of these provisions, [are] interpreted in their 'ordinary and popular' sense. . . . Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we would apply that meaning . . ." *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at 709.

"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

**DISCUSSION**

Defendant Editions Limited moves for award of attorneys' fees on the following grounds: (1) paragraph 12 of the parties contract provides that "[i]n the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorneys' fees;" and (2) 17 U.S.C. § 505 allows a court in its discretion to award reasonable attorneys' fees to the prevailing party in a copyright infringement matter.

Plaintiff Ryan opposes the motion because defendant Editions Limited acted unlawfully and she argues that her actions, including sending a cease and desist letter and filing suit, caused defendant Editions Limited to avoid liability. She further notes that defendant Editions Limited failed to abide by the requirement that counsel state that the parties have "met and conferred for the purpose of attempting to resolve any disputes with respect to the motion . . . ." Civ. L.R. 54-5(b)(1).

Section 11 of the Agreement states that it is governed by California state law. Section 12 of the Agreement provides as follows:

> In the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorney's fees.

The phrase "with regard to this Agreement" is broad. And the agreement does not define a "prevailing party." Under California Civil Code §1717, defendant Editions Limited would be considered the prevailing party because it has prevailed on the contract claim. *Exxess Electronixx v. Heger Realty Corp.,* 64 Cal. App. 4th at *4. (under section 1717, the court determines which party is entitled to attorney's fees on a contract claim *only*.). Plaintiff Ryan's argument that defendant Editions is not the prevailing party since she achieved all of the demands set forth in her cease and desist letters to Editions Limited is unavailing. Indeed, the court previously addressed this argument in a prior order. *See* Order Denying Plaintiff Ryan's Motion for Partial Summary Judgment filed on September 30, 2008. ("Though the broad language in the prevailing party clause arguably could encompass alleged non-contract claims, it strains logic to conclude, as Ryan suggests, that the prevailing party under the agreement would be the party that had merely accomplished the goals set forth in a cease and desist letter that had preceded *actual* litigation. Indeed, Ryan cites no authority in support of her proposition that the goals set forth in a cease and desist letter and the alleged

accomplishment of those goals serves as the measure to determine the prevailing party regardless of the outcome of the case."). ("September 30, 2008 Order"). (Docket No. 133).

Here, judgment has been found in favor of defendant Editions Limited and against plaintiff Ryan on all of the claims alleged against it, including the breach of contract claim. *See, e.g.,* September 15, 2008 Order, September 30, 2008 Order, and June 4, 2009 Order. (Docket Nos. 105, 131, 133, and 142). *See also,* Judgment. Therefore, defendant Editions Limited has recovered "greater relief"than plaintiff Ryan in the above-captioned action and is the prevailing party under the Agreement.

In the June 4, 2009 Order, the court granted defendant Editions Limited's motion for partial summary judgment on claims of contributory and vicarious copyright infringement. Under 17 U.S.C. § 505, the court has discretion whether to award attorneys' fees. *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1448 (9th Cir. 1994). For the reasons set forth above, including defendant Editions Limited obtaining judgment on all the claims alleged against it, an award of attorneys' fees is warranted here.

Having reviewed the papers (including the legal invoices in support thereof) and considered the arguments of counsel, the court finds that defendant Editions Limited has met its burden and shown that the hours worked were reasonable and that the requested rates are in line with those prevailing in the community. The court further finds that counsel has made a good faith effort to exclude certain fees, including time spent prior to the filing of the complaint, time spent representing co-defendant ArtSelect, Inc., time spent on reports between counsel, and time spent on the pending motion. Finally, the court finds that defendant Editions Limited has complied with the applicable civil local rules in advance of filing this motion. *See, e.g.,* Reply at 2. Accordingly, defendant Editions Limited's motion for award of attorneys' fees is granted for the entire amount sought.

## CONCLUSION

For the foregoing reasons, defendant Editions Limited's motion for award of attorneys' fees

in the amount of $124,102.50 is granted.[3]

IT IS SO ORDERED.

Dated:   October 12, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] The amount of attorneys' fees sought was reduced from $126,972.50 to $124,102.50 because "[Editions Limited] agreed to delete the fees relating to the Counterclaim from the award. . . ." Reply at 1.