UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN,<br><br>   Plaintiff,<br><br> v.<br><br>EDITIONS LIMITED WEST, INC., ET AL.,<br><br>   Defendants. | Case No.: C 06-04812 PSG<br><br>**ORDER GRANTING-IN-PART PLAINTIFF VICTORIA RYAN'S RENEWED SPECIAL MOTION TO STRIKE**<br><br>**(Docket No. 185)** |

Plaintiff Victoria Ryan ("Ryan") renews her special motion to strike the counterclaim of Editions Limited West, Inc. ("ELW"). Ryan also moves for attorneys' fees totaling $62,927.39. ELW opposes the motion. On May 10, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Ryan's renewed special motion to strike and motion for attorneys' fees is GRANTED-IN-PART.

**I. BACKGROUND**[1]

Ryan is an artist working in pastel on paper. ELW is a publisher of art posters and was authorized to publish certain posters of Ryan's pastels. Ryan asserts that ELW improperly withheld royalties and supplied posters to a third party for the production of unauthorized reproductions of

---

[1] These background facts are set forth, in part, in the December 14, 2006 order. *See* Docket No. 30.

her works. On August 9, 2006, Ryan filed this suit against ELW and a co-defendant, bringing claims for copyright infringement, unfair competition, breach of contract, and slander of title. On September 27, 2006, ELW filed its answer and brought a counterclaim for defamation under California state law. The counterclaim alleges that Ryan made at least two defamatory statements to numerous artists: (1) that ELW was licensing artists' work without their consent; and (2) that ELW was cheating artists out of royalties.

Shortly thereafter, Ryan moved to strike ELW's counterclaim pursuant to California's "anti-SLAPP" statute. On December 14, 2006, Judge Trumbull denied the special motion to strike, on the grounds that discovery was necessary on the issue of Ryan's malice in making the disputed statements.[2] Ryan appealed the December 14 order to the Ninth Circuit.[3] Less than two weeks after Ryan's appeal, however, ELW sought to dismiss the counterclaim without prejudice.[4] Because of Ryan's pending appeal, the court denied Ryan's request.[5]

In the meantime, the case proceeded on Ryan's claims. On June 4, 2009, the court granted summary judgment to ELW on each of Ryan's copyright, breach of contract, unfair competition, and slander of title claims.[6]

Ryan then appealed the grant of summary judgment, as well as various discovery rulings. On March 3, 2011, the Ninth Circuit issued a single opinion addressing all issues before it. The appellate court affirmed the December 14 order, expressly stating that "[t]he district court did not abuse its discretion by denying Ryan's anti-SLAPP motion in order to permit ELW to conduct discovery essential to its opposition."[7] In the same decision, the Ninth Circuit also affirmed the district court's grant of summary judgment to ELW on Ryan's breach of contract, unfair competition,

---

[2] *See id.*

[3] *See* Docket No. 32.

[4] *See* Docket No. 34.

[5] *See* Docket No. 38.

[6] *See* Docket No. 142. On October 12, 2010, the court granted ELW's motion for attorney fees. *See* Docket No. 175. On November 5, 2010, Ryan appealed this determination as well. *See* Docket No. 177.

[7] *See* Docket No. 180.

and slander of title claims,[8] but determined that "Ryan had raised a triable issue as to whether she is entitled to judgment against ELW for [contributory or vicarious] copyright infringement."[9] The Ninth Circuit also instructed that "[i]f the district court finds ELW liable for contributory or vicarious copyright infringement, it should reconsider whether Ryan is the prevailing party under the broad language of the contract, and whether she is entitled to a permanent injunction against ELW."[10] The case was then remanded for further consideration consistent with this disposition.

On April 7, 2011, the appellate court granted Ryan's motion to transfer to the district court consideration of attorney's fees on appeal. The appellate court instructed the district court that, in determining whether Ryan is entitled to any contractual or statutory attorney's fees, "the district court may take whatever action it deems appropriate."[11]

In light of the retirement of Judge Trumbull and the appointment of the undersigned, the case was reassigned.[12]

On March 30, 2011, Ryan renewed her special motion to strike.[13] At the May 10 hearing on Ryan's renewed special motion to strike, ELW conceded that discovery had shown that Ryan's first statement to other artists was true; indeed, ELW had licensed Ryan's pastels without her consent.[14]

## II.  LEGAL STANDARDS

California Code of Civil Procedure § 426.16 was enacted to prevent the strategic use of lawsuits to chill the valid exercise of the constitutional rights of freedom of speech and petition for

---

[8]   *See id.*

[9]   *Id.*

[10]  *Id.*

[11]  *See* Docket No. 187.

[12]  *See* Docket No. 190.

[13]  *See* Docket No. 185.

[14]  During the course of discovery, the parties learned of an email by an employee of ELW reflected that it had licensed Ryan's pastel artwork without her consent.

the redress of grievances.[15] "[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims."[16]

In order to resolve these cases as quickly as possible, Section 425.16(b)(1) provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.[17]

To prevail on a motion to strike under Section 425.16(b)(1), a defendant must survive a two-step summary judgment-like process. First, the defendant must make a threshold showing that the challenged claim arises from activity protected by the anti-SLAPP statute.[18] Second, if the defendant's threshold showing is made, the plaintiff must demonstrate a probability of prevailing on the claim.[19]

Under the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."[20] An award of attorney's fees to a prevailing party on a special motion to strike is mandatory.[21] "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion."[22] The fee provision of the anti-SLAPP statute applies in federal court.[23]

---

[15] Cal. Civ. Proc. Code § 425.16(a).

[16] *See Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir.2004).

[17] Cal. Civ. Proc. Code § 415.16(b)(1).

[18] *See Equilon Enters., LLC v. Consumer Cause, Inc.,* 29 Cal.4th 53, 67 (2002).

[19] *See id.*

[20] Cal. Civ. Proc. Code § 425.16(c).

[21] *See id.*

[22] *See Mann v. Quality Old Time Service, Inc.,* 139 Cal.App.4th 328, 340 (2006).

[23] *See United v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999).

If the court grants in part and denies in part a motion to strike, the court may limit the fees awarded to those incurred in moving on the successful claims.[24] A prevailing party is not necessarily entitled to all fees incurred simply because the successful and unsuccessful claims involved overlapping factual or legal issues[25] Instead, the court "must determine the lodestar amount for the hours expended on the successful claims," and then "consider the defendant's relative success on the motion in achieving his or her objective and reduce the amount if appropriate.[26] The court reviews various factors, including "the extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion.[27]

The California Supreme Court has upheld the lodestar method for determining the appropriate amount of attorney's fees for a prevailing party on an anti-SLAPP motion.[28] Under this method, the court evaluates the documentation of the time spent and the reasonable hourly rate for each attorney[29] The party seeking fees bears the burden of establishing a right to them.[30] The moving party must present "substantial evidence" to meet the burden.[31]

### III. DISCUSSION

The procedural posture of the anti-SLAPP motion now before the court is, to say the least, unusual. After first challenging ELW's defamation claims in an anti-SLAPP motion, the district court denied the motion, and the appellate court affirmed. But just after appeal was filed, ELW essentially conceded that the claim should be dismissed, but could not do so voluntarily because

---

[24] *See id.* at n.5, 42.

[25] *See id.*

[26] *See Ketchum v. Moses,* 24 Cal.4th 1122, 1136 (2001).

[27] *See id.* at 1141.

[28] *See Christian Research Inst. v. Alnor,* 165 Cal.App. 1315, 1320 (2008).

[29] *See Macias v. Hartwell,* 55 Cal.App.4th 669, 674 (1997).

[30] *Id.*

[31] *Id.*

Ryan's appeal divested the district court of jurisdiction.  At the same time, fees in litigating the dispute continued to mount.  Neither party has presented the court with any state or federal case addressing this particular circumstance.  As a result, the court must return to first principles and apply the same basic framework applicable to any anti-SLAPP motion, original or "renewed," while considering the necessary implications of the procedural history outlined above.

### A. Ryan's Claim Arises From Protected Activity

Under the first step of the analysis, Judge Trumbull previously found that "Ryan's communications to other artists ar[ose] out of protected activity because they were in connection to this lawsuit."[32]  As a result, the court has already determined that Ryan met the threshold showing that the challenged claim arises from activity protected by the anti-SLAPP statute.[33]

### B. There is No Probability of ELW Prevailing on the Claim

Under the second step of the analysis, truth is an absolute defense to any defamation claim, and ELW now concedes that it was indeed licensing artists' works–or at least Ryan's works– without authorization.  This would appear to eliminate <u>any</u> probability that ELW could prevail on its claim.

ELW nevertheless raises two arguments against Ryan's renewed motion.  ELW's first argument is that the Ninth Circuit affirmed its right to discovery on its defamation claims and specifically remanded the case for that purpose.  But having admitted that the truth of alleged statements at issue, ELW has rendered moot the entire subject of that discovery–Ryan's malice in making the statements.  Put another way, there is now no reason for discovery on an issue underlying one defense when another defense has been conceded.

ELW's second argument is that its concession was limited only to the alleged defamatory statements concerning its unauthorized licensing of artists' works, but that it in no way concedes the trust of the additional statements that it cheated artists out of royalties.  This argument, however, ignores basic economic reality.  By licensing an artist's copyrighted works, ELW necessarily deprived that artist's exclusive right to the economic rents it may extract for infringement of those

---

[32] *See* Docket No. 30 at 3.

[33] *See id.*

works. This is so even if ELW's contract with Ryan imposed no obligation to pay royalties. To put this another way, even if ELW didn't charge a penny for its licenses, such that there was no royalty obligation to Ryan, Ryan, an artist, was necessarily deprived, or "cheated," of her right to collect from those licensees directly a royalty of a penny or more.

The end result is that, even if ELW prevailed on everything else, it cannot prevail on its counterclaim for defamation, and the counterclaim must be struck as a SLAPP. Ryan thus has swept the entirety of the charges against her from the case, and in light of the sweep of ELW's concession, there is no basis upon which to grant leave to ELW to amend.[34] This result is not so insignificant to mean that she did not achieve any practical benefit from bringing the motion in the first place. Accordingly, the court must next turn to the issue of the appropriate fees to award.

**C.     Fees**

In fashioning the appropriate fee award, the court is mindful that it has "broad discretion in determining the reasonable amount of attorney fees and costs to award a prevailing defendant."[35]

ELW does not dispute the hourly rates of Ryan's attorney Richard De Liberty, but does dispute Ryan's claim for his fees relating to the initial motion and appeal. Most significantly, ELW notes that even if Ryan has prevailed on her renewed anti-SLAPP motion, she did not prevail on the initial anti-SLAPP motion and the appeal of the December 14 order.[36] Rather than allow ELW to dismiss its counterclaim without prejudice, as was required because Ryan's notice of appeal divested this court of jurisdiction to grant the dismissal, Ryan elected to appeal the December 14 order and was later unsuccessful.[37] ELW further disputes the sufficiency of counsel's time records and the reasonableness of the time Ryan claims for certain tasks performed by Mr. De Liberty.

---

[34]     *Cf. Graham-Suit v. Clainos*, Case No. C 10-04877, 2011 WL 2531201, at *9 (N.D. Cal. Jun. 24, 2011) ("Plaintiffs present no evidence or argument suggesting that amendment would change the outcome. Thus, leave to amend is denied as futile.").

[35]     *Metabolic Int'l, Inc. v. Wornick*, 213 F. Supp.2d 1220, 1223-24 (S.D. Cal. 2002).

[36]     *See Moran v. Endres,* 135 Cal.App.4th 952, 956, 37 Cal. Rptr.3d 786 (2006) (holding that "when a defendant cannot in any realistic sense be said to have been successful, fees need not be awarded.").

[37]     *See* Docket No. 180.

With respect to Ryan's claims for fees related to the initial motion and appeal, the court is persuaded that they are not appropriately included in any award. The undeniable fact is that Ryan refused ELW's offer to dismiss its claims and cut off the accrual of additional fees and costs related to the defamation claims. Ryan candidly justifies this refusal by noting that ELW refused to pay her fees and costs accrued up to that point.[38] But the case law of the Ninth Circuit teaches that upon ELW's dismissal as it proposed, ELW was under no obligation to meet Ryan's demand. As the court explained in *Verizon v. Covad,* the purpose of the anti-SLAPP statute is "the early dismissal of meritless claims,"[39] and the fee provision is simply a means to this end, not an end to itself. Where a defamation plaintiff in federal court drops its claims after the filing of a special motion to strike, this purpose is satisfied, thereby obviating the need to award fees otherwise available in the anti-SLAPP statute.[40] Here, by divesting the district court of jurisdiction upon filing her notice of appeal, Ryan thwarted such an effort by ELW. That may have been her right.[41] It is unreasonable, however, to expect that after failing in her efforts to reverse the trial court on its denial of the motion to strike, she should be in a better position on the issue of fees and costs than if she had simply withdrawn her notice of appeal and stipulated to the dismissal that ELW proposed.[42]

That said, following the remand and the return of jurisdiction to this court, ELW did not exactly take reasonable steps of its own to minimize fees and costs. Rather than accept the fairly straightforward implication for its defamation claim of its concession that it licensed works without

---

[38] *See* Docket No. 189 at 6.

[39] *Verizon Delaware, Inc. v. Covad Communications Co.,* 377 F.3d 1081, 1091 (9th Cir. 2004).

[40] *See id.* ("[T]he purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint.").

[41] In her papers and at oral argument, Ryan never explains her standing to pursue a piecemeal appeal of a denial of a motion to strike in the absence of certification pursuant to 28 U.S.C. § 1291.

[42] *Cf. Brown v. Elec. Arts,* Inc., 722 F. Supp.2d 1148, 1157 (C.D. Cal. 2010) (denying attorney's fees incurred in bringing anti-SLAPP motion directed at initial complaint where jurisdiction declined over state law claims in amended complaint); *EchoStar Satellite v. Viewtech, Inc.,* Case No. 07-CV-1273, 2009 WL 1668712, at * 7 (S.D. Cal. May 27, 2009) (holding that an award of attorney's fees is not appropriate even if the claims are dismissed after an anti-SLAPP motion is filed because the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, is served.).

authorization, and renew its efforts to dismiss the defamation claim, ELW instead charged ahead. It demanded discovery from Ryan on the issue of malice even though malice is irrelevant when the alleged defamatory statements are acknowledged to be true. Even if the issue of malice remained relevant to the second of Ryan's alleged statements, the issues involved in such statements are inextricably intertwined with related to the first set of statements that ELW concedes must be struck from its counterclaim. Under these circumstances, Ryan is entitled to all the fees and costs associated with her renewed motion, together with interest.[43]

In his declaration, Mr. De Liberty includes fees and anticipated fees related to the renewed special motion to strike. These fees were incurred from at least March 21, 2011 to May 10, 2011, and include 35.3 hours at a rate of $300 per hour totaling $10,590, together with $174.05 in interest associated with these fees and $30 in costs. Based on its experience and review of the record, the court finds that these fees, costs and interest are entirely reasonable, and ELW has offered no evidence to the contrary.

### III. CONCLUSION

For the foregoing reasons, Ryan's renewed special motion to strike and motion for attorneys' fees is granted-in-part. The counterclaim shall be struck. In addition, no later than August 12, 2011, ELW shall pay Ryan fees, costs and interest in the amount of $10,794.05.

**IT IS SO ORDERED.**

Dated: July 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[43] *See Theme Promotions, Inc. v. News America Mktg. FSI, Inc.,* 731 F.Supp.2d 937, 951 (N.D. Cal. 2010).