UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>EDITIONS LIMITED WEST, INC., ET )<br>AL., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C-06-04812 PSG<br><br>**ORDER RE PLAINTIFF VICTORIA RYAN'S MOTION *IN LIMINE*; FURTHER SCHEDULING ORDER**<br><br>(**Re: Docket Nos. 204, 213)** |

Plaintiff Victoria Ryan ("Ryan") moves *in limine* for sanctions against Defendant Editions Limited West, Inc ("ELW"). ELW opposes the motion. On December 16, 2011, the parties appeared for hearing on these and other matters at the final pretrial conference. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Ryan's motion *in limine* for sanctions is DENIED.

In this copyright infringement suit, Ryan claims damages totaling $1.72 as a result of one unauthorized sale of a canvas transfer of her work. Ryan argues that had ELW implemented a litigation hold at the commencement of the case or even beforehand, as it was obligated to do, additional discovery might have shown that she had incurred still more damages. In support of her motion *in limine*, Ryan points to some specific examples: (1) ELW admitted belatedly that it

had failed to produce the mural agreement with Environmental Graphics; (2) during the depositions of ArtSelect representatives, some emails were produced belatedly and others were never found, including an original email from ELW to Mr. Reeder authorizing the canvas transfer of artists' works, including those of Ryan; (3) during the depositions of ELW employees, they admitted that they had not been instructed to retain documents; and (4) ELW destroyed purchase orders after 90 days and emails were routinely deleted.

ELW responds that these issues have been addressed previously in motion practice before Judge Trumbull (and later affirmed by the Ninth Circuit) rendering the issue moot.

A court may sanction a party who has despoiled evidence based on its "inherent power" to respond to abusive litigation practices.[1] Inherent powers, however, must be exercised with restraint and discretion,[2] and in view of the lack of prejudice established by the guilty party. Prejudice is determined by looking at whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial, threatened to interfere with the rightful decision of the case, or forced the non-spoliating party to rely on incomplete and spotty evidence.[3] A party's destruction of evidence need not be in "bad faith" to warrant the imposition of evidentiary sanctions.[4] Motive or degree of fault in destroying the evidence, however, should be considered in choosing the appropriate sanction.[5]

Ryan may be correct that ELW was dilatory in implementing a litigation hold and that not all responsive documents were produced to her in a timely fashion. Ryan also may be correct that the court's previous discovery order did not resolve the relevancy of all the documents now at issue. But the relevancy – or rather, lack thereof – of many of those

---

[1] *Fjelstad v. American Honda Motor Co., Inc*., 762 F.2d 1334, 1337-38 (9th Cir. 1985).

[2] *See Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (citations omitted).

[3] *See Leon v. IDX SystemsCorp*., 464 F.3d 951, 959 (9th Cir. 2006).

[4] *Glover v. BIC Corp*., 6 F.3d 1318, 1329 (9th Cir. 1993).

[5] *Advantacare Health Partners, LP v. Access IV*, Case No. 03-4496 JF, 2004 WL 1837997, at *4 (N.D. Cal. 2004).

documents was resolved previously and that resolution was affirmed on appeal. As for the remaining documents, other than mere speculation that there might be additional documents evidencing more damages, there is no indication of prejudice whatsoever. Ryan states only that "it is clearly possible that the emails and purchase orders destroyed as a result of Defendants' spoliation would have produced evidence favorable to Ryan." None of the above examples, however, suggests that this is so. Though ELW did not produce all responsive documents, most were produced in some form, either by ELW or other third parties. For example, Ryan's complaint that the original email from Mr. Reeder was never produced was cured by an email chain that was later produced. The ELW agreement with Environmental Graphics, too, was later produced. As for emails that ELW employees did not retain and that were routinely deleted, Ryan merely speculates that they might have been favorable towards her. Though witnesses testified at deposition that they fielded frequent inquiries from customers about canvas transfers, their testimony does not indicate that these inquiries necessarily related to Ryan. Even the substance of purchase orders was captured in other documents later produced by ArtSelect. Ryan therefore has not shown that her ability to go to trial has been impaired, that spoliation has interfered with the rightful decision of the case, or that she has been forced to rely on incomplete and spotty evidence. Ryan's motion *in limine* therefore is denied.

IT IS FURTHER ORDERED that the trial is limited to the specific issues set forth by the Ninth Circuit for remand: (1) whether ELW is liable for contributory and vicarious copyright infringement; (2) if so, whether Ryan should obtain a permanent injunction; and (3) whether Ryan is a prevailing party under the broad language of the contract.

IT IS FURTHER ORDERED that no later than December 30, 2011, the parties shall file a waiver of jury in light of their suggestion at the final pretrial conference that a jury trial was no longer desired.

IT IS FURTHER ORDERED that ELW may not offer as evidence Ryan's deposition transcript. ELW did not lodge Ryan's deposition transcript ten days prior to the pre-trial

Case No. C 06-4812 PSG         3
ORDER RE MOTION *IN LIMINE*; FURTHER SCHEDULING ORDER

conference held on December 16, 2011.[6] Her deposition transcript may be used for impeachment or rebuttal.[7]

IT IS FURTHER ORDERED that Ryan's objections to (1) ELW's designation of George Leeson as a witness; and (2) ELW's Exhibit No. 215 are sustained. Ryan filed objections to Mr. Leeson as a witness and to ELW's Exhibit No. 215 on December 14, 2011. To date, ELW has not opposed or otherwise responded.

IT IS FURTHER ORDERED that the schedule for trial is as follows:

1. Trial shall commence on January 9, 2012;

2. No trial shall be held on January 10, 2012 and trial shall resume on January 11, 2012;

3. Opening statements and closing arguments are each limited to 30 minutes per party;

4. A total of 10 hours of trial time is allotted for both parties, with each party having 5 hours of trial time (exclusive of any time allotted for opening statements and closing arguments);

5. Trial will commence each morning at 10AM and conclude at 5PM. There will be a one-hour lunch break from 12PM-1PM and a 15 minute break at 3PM.

**IT IS SO ORDERED**.

Dated:   12/27/2011

PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See* Standing Order for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Paul S. Grewal (December 2010).

[7] *See id.*

Case No. C 06-4812 PSG                     4
ORDER RE MOTION *IN LIMINE*; FURTHER SCHEDULING ORDER