UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN, ) | Case No.: 06-CV-04812-PSG |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF** |
| v. ) | **VICTORIA RYAN'S MOTION FOR** |
| ) | **LEAVE TO AMEND COMPLAINT** |
| EDITIONS LIMITED WEST, INC., ET AL., ) | |
| ) | **(Re: Docket No. 226)** |
| Defendants. ) | |
| ) | |

Plaintiff Victoria Ryan ("Ryan") moves to amend the complaint post-trial to add claims and allegations. Defendant Editions Limited West, Inc. ("ELW") opposes the motion. On March 6, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court DENIES Ryan's motion to amend the complaint.

**I.   BACKGROUND**

This case was tried to the court on January 9 and 11, 2012. Based on the Ninth Circuit's ruling on an earlier appeal, the court limited the claims at issue to Ryan's claim that ELW indirectly infringed her copyrights. The matter has been submitted and is now pending before the court. Ryan claims that up to and during trial in this case, she believed that ELW enforced its stated policy that customers were prohibited from altering posters into canvas transfers. Ryan's belief was

1

Case No.: C 06-4812 PSG
ORDER

predicated on the deposition of ELW's owner, Joanne Chappell ("Chappell"), taken on August 1, 2007, and certain pleadings and declarations that were filed in the case. Ryan further claims that at trial, after hearing Chappell's trial testimony, she realized for the first time that ELW allowed its customers to alter the posters they purchased into canvas transfers, and in fact, routinely granted such requests, often without obtaining the prior approval of the artist.[1]

According to Ryan, had she known of ELW's actual practice, she never would have negotiated or at least would have terminated any existing license agreements with ELW to produce poster editions of four pastels in January 2004 and two pastels in January 2005. Because of this false belief, Ryan contends she relinquished opportunities with other publishers of posters. Relying on Federal Rule of Civil Procedure 15, Ryan now seeks to amend her complaint to add claims and allegations regarding fraudulent misrepresentation, concealment, unjust enrichment, rescission, and damages.

## II.   LEGAL STANDARDS

Rule 15 governs amendment to pleadings. Under Rule 15(a),

(a) **Amendments Before Trial.**
(1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Under Rule 15(b),

(b) **Amendments During and After Trial.**
(1) **Based on an Objection at Trial.** If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice the party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

---

[1] Ryan filed this motion without any specific reference to the trial transcript, forcing the court to rely on its recollection of the testimony.

Case No.: C 06-4812 PSG
ORDER

2

(2) **For Issues Tried by Consent.** When an issue not raised by the pleadings is tried by the parties' express or implied consent of the parties, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

A district court has discretion in deciding whether or not to permit an amendment under Rule 15(b).[2]

### III.  DISCUSSION

The court is not persuaded that Ryan's proposed amendment is appropriate under Rule 15 for a variety of reasons.

First, Ryan's argument that amendment is appropriate under Rule 15(a) borders on the frivolous. Rule 15(a) on its face applies to "amendments before trial," not during or after trial.

Second, Ryan has not shown that ELW either expressly or impliedly consented to presenting evidence related to a claim for fraudulent misrepresentation and concealment such that amendment pursuant to Rule 15(b) is appropriate. Ryan does not even contend that ELW expressly consented. Rather, she contends that ELW impliedly consented by not objecting to Ryan's rebuttal testimony. In rebuttal, Ryan testified that she relied on ELW's representation that ELW enforced the policy that customers were not allowed to alter posters into canvas transfers and that she relinquished opportunities with other poster publishers. ELW's purported failure to object to Ryan's testimony about these facts, however, does not show implied consent. "While it is true that a party's failure to object to evidence regarding an unpleaded issue may be evidence of implied consent to a trial of the issue, it must appear that the party understood the evidence was introduced to prove the unpleaded issue."[3] In this case, in the absence of any trial evidence that ELW intended to deceive Ryan – a key element of the fraud and concealment claim Ryan now wishes to add – and ELW's repeated objections to any evidence immaterial to the copyright claims remanded for trial, the court is hard pressed to view ELW as implicitly consenting to an amendment adding these causes of action.

---

[2] *See Campbell v. Board of Trustees of Leland Stanford Jr. Univ.,* 817 F.2d 499, 506 (9th Cir. 1987).

[3]  *Id.* at 506. *See also* 3-15 Moore's Fed. Prac. Civ. § 15.18[1].

3

Case No.: C 06-4812 PSG
ORDER

Third, Rule 15(b) was designed to serve judicial economy.[4] If parties either expressly or implicitly consent to having a matter litigated and the evidence presented at trial allows the court to resolve the issue, amendment of the pleadings saves judicial resources.[5] But here, if the court were to permit the amendment proposed by Ryan, the court would have to conduct a new trial on at least the amount of damages related to the new claim. In addition, discovery would be required for the new fraud allegations that Ryan seeks to add to the complaint and any new defenses to those allegations that ELW might raise. Over five years into this case and in the immediate aftermath of a bench trial, this would be anything but economical.

Finally, the court notes that justice does not require that Ryan be granted to leave to amend the complaint to add the new claim or the new allegations. In the complaint, Ryan alleges that ELW encouraged others to produce, distribute, and display canvas transfers, wallpaper murals, or other derivative works of Ryan's posters.[6] She also alleges that ELW falsely represented to ArtSelect that Ryan's posters were authorized for canvas transfers.[7] In addition, Ryan herself concedes that the deposition testimony of Michael Jakola showed that "many aspects" of Chappell's testimony were false.[8] Based on these allegations, Ryan could have pursued misrepresentation and concealment earlier and endeavored to take discovery on the issue. She did not. Ryan therefore contributed to the delay in adding the new claim and the new allegations.

---

[4] *See Deere & Co. v. Johnson,* 271 F.3d 613, 621-22 (5th Cir. 2001).

[5] *See* Wright & Miller, Fed. Prac. & Proc. § 1491 (noting that Rule 15(b) was designed "to avoid the tyranny of formalism that was a prominent characteristic of former practice and to avoid the necessity of a new trial, which often followed a deviation from the pleadings").

[6] *See* Docket No. 1, ¶ 22.

[7] *See, e.g.,* Complaint at ¶ 33.

[8] *See* Docket No. 226 at 3.

4
Case No.: C 06-4812 PSG
ORDER

### IV. CONCLUSION

Ryan's motion to amend the complaint is DENIED.

**IT IS SO ORDERED.**

Dated: 3/26/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

5

Case No.: C 06-4812 PSG
ORDER