UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>EDITIONS LIMITED WEST, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C 06-04812 PSG<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S ATTORNEY'S FEES AND COSTS**<br><br>**(Re: Docket No. 235)** |

　　　　In this copyright infringement suit, Plaintiff Victoria Ryan ("Ryan") seeks attorney's fees, costs, and interest following a bench trial finding in her favor on the sole remaining claim of contributory copyright infringement. Defendant Editions Limited West, Inc. ("ELW") opposes any award of attorney's fees and costs on the grounds that it is precluded as a matter of law and that the amounts sought are otherwise excessive. Having reviewed the papers and considered the arguments of counsel, the court GRANTS-IN-PART Ryan's award of attorney's fees and costs.

1

Case No.: C 06-04812 PSG
ORDER

# I. BACKGROUND

Ryan originally brought claims against ELW for copyright infringement, unfair competition, breach of contract, and slander of title.[1] On June 4, 2009, the court granted summary judgment to ELW on each of Ryan's claims.[2]

Ryan appealed the grant of summary judgment, as well as various discovery rulings.[3] On March 3, 2011, the Ninth Circuit issued a single opinion addressing all issues before it.[4] The appellate court affirmed the summary judgment on Ryan's breach of contract, unfair competition, and slander of title claims, but determined that "Ryan had raised a triable issue as to whether she is entitled to judgment against ELW for [contributory or vicarious] copyright infringement."[5] The Ninth Circuit also instructed that "[i]f the district court finds ELW liable for contributory or vicarious copyright infringement, it should consider whether Ryan is the prevailing party under the broad language of the contract, and whether she is entitled to a permanent injunction against ELW."[6] The case was then remanded for further consideration consistent with this disposition.

On April 7, 2011, the appellate court granted Ryan's motion to transfer to the district court consideration of attorney's fees on appeal. The appellate court noted in determining whether Ryan is entitled to any contractual or statutory attorney's fees, "the district court may take whatever action it deems appropriate."[7]

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 142.

[3] *See* Docket No. 146.

[4] *See* Docket No. 180.

[5] *Id.* at 3.

[6] *Id.* at 6.

[7] *See* Docket No. 187.

2
Case No.: C 06-04812 PSG
ORDER

In light of the retirement of Judge Patricia V. Trumbull and the appointment of the undersigned, the case was reassigned.[8]

Following a bench trial, the court found in favor of Ryan on the contributory copyright infringement claim and in favor of ELW on the vicarious copyright infringement claim.[9] The court determined that statutory damages and attorney's fees were not available to Ryan for her copyright infringement claim but that a permanent injunction in Ryan's favor was warranted.[10] In addition, after considering that Ryan's central defense to the infringement claim at trial was that the agreement somehow justified its claim that it was authorized to permit canvas transfer of Ryan's works, and the Ninth Circuit's directive to this court to consider an award under the broad language of the parties' agreement, the court concluded that an award of Ryan's reasonable attorney's fees and costs incurred in prosecuting only her contributory infringement claim was appropriate.[11] The court noted, however, that it would apply an appropriate exacting standard to exclude any fees and costs unrelated to Ryan's successful pursuit of her copyright claim.[12]

Ryan submitted a declaration from her counsel, Richard A. De Liberty ("De Liberty"), seeking an award totaling $425,439.72 in attorney's fees, costs and interest.[13] ELW opposes the court's finding that Ryan was the prevailing party on the grounds that it was contrary to prevailing state and federal authority, and that the amounts claimed by Ryan are not reasonable.

The court addresses ELW's arguments in turn below.

---

[8] *See* Docket No. 190.

[9] *See* Docket No. 234.

[10] *See id.* at 16.

[11] *See id.*

[12] *See id.*

[13] *See* Docket No. 235.

3

Case No.: C 06-04812 PSG
ORDER

## II.  DISCUSSION

**A.  Designating Ryan as the Prevailing Party is Not Contrary to California Law**

As an initial matter, ELW seeks to relitigate the issue of whether Ryan may properly be deemed a prevailing party under what the Ninth Circuit deemed the "broad language" of the Agreement.  Because the court has already considered and rejected ELW's position that Ryan may not be so denied, the court could simply move on to the sole issue remaining before the court – whether Ryan's demands are reasonable.  But in the interest of completeness, as well as complete fairness to ELW, the court will first address ELW's renewed challenge.

ELW contends that using the provision in the parties' agreement to justify awarding Ryan attorney's fees and costs for finding in her favor on the contributory copyright infringement claim (even though ELW prevailed on the breach of contract claim) is contrary to California Civil Code Section 1717, which states in pertinent part that "where the contract specifically provides that attorney's fees and costs… shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract… shall be entitled to reasonable attorney's fees in addition to other costs." In support of its position, ELW cites to both *Benjamin Santisas v. Robert J. Goodin*[14] and *Reynolds Metals Company v. Norman O. Alperson.*[15]

Neither Section 1717 nor the cases cited by ELW, however, is applicable here. Section 1717 simply makes unilateral fee provisions in contract actions bilateral and preserves fee awards even in the event of voluntary pretrial dismissal. Here, the fee provision is explicitly bilateral and no claims were withdrawn voluntarily — Ryan has pressed her claims, including the sole remaining contributory infringement claim, to the Ninth Circuit and back. Similarly, in *Santisas,* the California Supreme Court held that in voluntary pretrial dismissal cases, Civil Code Section

---

[14] 17 Cal. 4th 599, 617 (1998).

[15] 25 Cal. 3d 124, 130 (1979).

4

Case No.: C 06-04812 PSG
ORDER

1717 bars recovery of attorney fees incurred in defending contract claims.[16] The California Supreme Court noted, however, that whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision.[17] As the court has already noted, the present case involves no pretrial dismissal. In *Reynolds Metal Company,* the California Supreme Court held that Section 1717 fee mutuality extends to nonsignatory defendants.[18] Here, Ryan was a signatory to the agreement and thus is explicitly eligible for fees under the agreement. What ELW appears to be arguing is that non-contract claim fees can never be awarded under the terms of a contract, a position that fails in the face of Code of Civil Procedure 1021. "It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or contract."[19] "Because of its more limited scope, Civil Code section 1717 cannot be said to supersede or limit the broad right of parties pursuant to Code of Civil Procedure 1021 to make attorney fees agreements."[20]

ELW's further argument regarding judicial estoppel is equally unpersuasive. In essence, ELW argues that Ryan previously concedes in her complaint and her summary judgment opposition that no fees were warranted that were otherwise barred under the Copyright Act by Ryan's delay in registering under copyright. But nothing in any of these pleadings addressed the issue, let alone expressly waived Ryan's rights to claim what the Ninth Circuit would later order to

---

[16] 17 Cal. 4th at 602.

[17] *See id.*

[18] *See Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128 (1979)

[19] *See Anthony Xuereb v. Marcus & Millichap, Inc.,* 3 Cal. App. 4th 1338, 1341 (1992).

[20] *See id.*

5

Case No.: C 06-04812 PSG
ORDER

be considered. At the very least, this record does not justify the court's discretionary invocation of the doctrine.[21]

ELW next contends that the Copyright Act preempts any award to Ryan of attorney's fees and costs under the agreement. As noted above, Ryan has acknowledged that she did not properly and timely register her copyright. Because the court found, and Ryan conceded, that statutory damages and attorney's fees are not available to her under the copyright infringement claim, ELW argues that she therefore is precluded from seeking attorney's fees and costs under the agreement.

"The Copyright Act of 1976 expressly preempts state claims where the plaintiff's work 'come[s] within the subject matter of copyright' and the state law grants 'legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.'"[22] "To survive preemption, a state cause of action must assert rights that are qualitatively different from the rights protected by copyright."[23]

The Copyright Act does not preempt Ryan's right to seek attorney's fees and costs under the agreement. ELW can point the court to no preemption case – express or implied – suggesting that parties may not contract under state law to provide for fees and costs in addition to those available under the Copyright Act. Express preemption protects against state law interference with the federal provision of exclusive rights under Section 106. Here, Ryan invokes state law not in pursuit of the equivalent of any of her Section 106 exclusive rights, but rather her fees and costs under a mutual agreement for vindication of those rights. Nothing in such a claim can be said to mimic an infringement action by claiming unfair use of the works at issue.[24]

---

[21] *See Russell v. Rolfs,* 893 F.2d 1033, 1032 (9th Cir. 1990).

[22] *Montz v. Pilgrim Films & Television, Inc.,* 649 F.3d 975, 979 (9th Cir. 2011) (citing 17 U.S.C. Section 301(a)).

[23] *See id.*

[24] *See Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1154 (N.D. Cal. 1999) (citing *Kodadek v. MTV Networks, Inc.*, F.3d 1209, 1212 (9th Cir. 1998)).

6
Case No.: C 06-04812 PSG
ORDER

### B. Ryan's Attorney's Fees and Costs

Turning to the central question issue – what fees and costs are properly awarded to Ryan – the court notes that the touchstone of the attorneys' fee award is the reasonableness of the fees. As such, to determine the award, the court begins with the lodestar: reasonable rates multiplied by reasonable hour expended.[25] The resulting figure is presumptively reasonable.[26] Attorneys' fees awards may only include hours "reasonably expended" on the litigation.[27] Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded.[28] The court "must base it determination whether to award fees for counsel's work on its judgment as to whether the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation."[29]

To determine a reasonable hourly rate, the court must consider "certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, [and] the experience held by counsel and fee awards in similar cases."[30] The court also looks to "the forum in which the district court sits"[31] and to "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."[32] "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with

---

[25] *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Kraszewski v. State Farm General Ins. Co.,* Case No. C 79-1261 THE, 1984 WL 1027, at *5-6 (N.D. Cal. June 11, 1984).

[26] *See Hensley,* 461 U.S. at 434.

[27] *See id.* at 433.

[28] *Id.*

[29] *Armstrong v. Davis,* 318 F.3d 965, 971 (9th Cir. 2003).

[30] *Moreno v. City of Sacramento,* 534 F.3d 1106, 1114 (9th Cir. 2008).

[31] *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).

[32] *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007).

7
Case No.: C 06-04812 PSG
ORDER

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[33]

Although parties seeking attorneys' fees are required only to provide affidavits "sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award," parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records.[34] The court also has the "authority to reduce hours that are billed in block format."[35] Block-billing is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."[36]

The court further recognizes that because "awarding attorneys' fees to prevailing parties . . . is a tedious business," the court "should normally grant the award in full" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request."[37] At the same time, nothing in this standard compels a court to overlook ambiguities in a requesting party's supporting materials that it was in a position to argue.[38]

For her efforts to prove that a single canvas transfer infringed her copyright, yielding no damages but an injunction, Ryan seeks $425,439.72 in attorney's fees, costs, and interest. ELW does not dispute the hourly rates of Ryan's attorney De Liberty, but does dispute the amount sought arguing that it is excessive in light of the court's express instruction that fees and costs unrelated to prosecuting the contributory copyright infringement claim be excluded.

---

[33] *Camacho,* 523 F.3d at 980 (citation omitted).

[34] *See Ackerman v. W. Elec. Co., Inc.,* 643 F.Supp. 836, 863 (N.D. Cal. 1986) (citing *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir. 1980)).

[35] *See Welch,* 480 F.3d at 948.

[36] *Id.* at 945 n. 2 (internal citations and quotations omitted).

[37] *Moreno,* 534 F.3d at 1116.

[38] *See Welch,* 480 F.3d at 948.

8

Case No.: C 06-04812 PSG
ORDER

The court agrees with ELW but only in part. Ryan was instructed to provide a declaration setting forth the particular attorney's fees incurred in prosecuting the claim for contributory copyright infringement. She ignored the court's express admonition. De Liberty's declaration is extremely expansive in scope and appears to include fees for the entirety of Ryan's claims.

As an initial matter, the following attorney's fees must be excluded:

- Ryan's first category of fees and costs: Fees related to Ryan's pre-lawsuit cease and desist efforts, including investigation and efforts in the amount of $7,174.21 and costs in the amount of $93.10.

- Ryan's third category of fees and costs: Fees related to Ryan's defense of ELW's defamation counterclaim in the amount of $71,267.27, costs in the amount of $10,620.00, and interest in the amount of $174.05. The court previously granted fees in the amount of $10,794.05 on her anti-SLAPP motion.[39]

- Ryan's fourth category of fees and costs: Fees related to Ryan's first appeal in the case, which resulted in a reversal of summary judgment on Ryan's copyright claims against ELW in the amount of $66,620.66 and costs in the amount of $737.08.

- Ryan's fifth category of fees and costs: Fees relating to Ryan's second appeal in the case, which reversed finding ELW the prevailing party under the contract in the amount of $10,830.90 and costs in the amount of $737.08.

The above categories are either moot in light of prior rulings or not sufficiently detailed to show that they are specifically related to prosecution of the contributory copyright infringement claim. Regarding this latter point, Ryan submits multiple billing entries as unhelpful as the following: "Legal research re DCMA take-down procedures" and "Revise and send second round of cease and desist letters."[40] This is insufficient and cannot be accepted.

In her second category of fees and costs relating to pre-trial and trial-level litigation of the issues in dispute, Ryan claims attorney's fees in the amount of $256,819.07 and costs in the amount of $14,548.68. These amounts include interest. While De Liberty's declaration breaks down fees into various categories, the supporting documentation in the form of Exhibit A does not include any such breakdown by category. Instead, Exhibit A is a chronology of all fees incurred in the case. More often than not, the entries are block-billed. In other instances, the time allotted for

---

[39] See Docket No. 193.

[40] Docket No. 235, Ex. A.

certain tasks is plainly excessive.[41] All of this leaves the court to wonder how De Liberty calculated his fees totaling $256,819.07 for this category.

Because Ryan failed to follow the court's instruction or otherwise to provide sufficient guidance to determine reasonable attorney's fees and costs related to prosecution of the contributory copyright infringement claim, the court is left to its own devices to fashion an appropriate award, as follows.[42] In the original complaint, Ryan brought four claims. Dividing the total amount of $256,819.07 claimed in category two by the four claims originally brought equals $64,204.76 and discounting that amount by 20 percent for block-billing and interest improperly claimed before the fee amounts were certain and vested,[43] Ryan's appropriate award for attorney's fees therefore totals $51,363.81.

Allowable costs include fees for filing and service of process, reporters' transcripts, depositions, reproduction and exemplification, witness expenses, fees for masters and receivers, costs on appeal, and costs of bonds and security.[44] According to Exhibit B, allowable costs include the following:

- $350 Filing Fee;
- $14.30 Service of Process on ELW;
- $132 Hearing Transcript (March 27, 2007);
- $1,378.95 Deposition Transcript (Reeder & Allen);
- $883.30 Deposition Transcript (Chappell);
- $1,415.40 Deposition Transcript (Jakola);
- $1,135.50 Deposition Transcript (Haile);
- $1,056.75 Deposition Transcript (Conybeare & Zeiger);

---

[41] *See, e.g.,* September 13, 2006 time entry for 3.7 hours to draft letter to ELW counsel regarding threatened defamation claim.

[42] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

[43] *See Welch,* 480 F.3d at 948; *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009) (citing Cal. Civ. Code § 3287(a)).

[44] *See* 28 U.S.C. § 1920; *see also* Civil L.R. 54-3(a)-(b).

10
Case No.: C 06-04812 PSG
ORDER

- $1,282.90 Deposition Transcript (Jones, Faulkner & Bennett);
- $236.37 Hearing Transcripts (July 31, 2007 and December 2, 2008);
- $53.01 Excerpts of Record; and
- $51.46 Excerpts of Record.

The appropriate costs awarded to Ryan therefore total $7,989.94.

### III. CONCLUSION

No later than December 31, 2012, ELW shall remit payment to Ryan in the total amount of $59,353.75.

**IT IS SO ORDERED.**

Dated: December 18, 2012

PAUL S. GREWAL
United States Magistrate Judge

11
Case No.: C 06-04812 PSG
ORDER