UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA RYAN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>EDITIONS LIMITED WEST, INC., ET AL.,<br><br>　　　　　　Defendants. | Case No.: 06-CV-04812-PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY PENDING APPEAL AND DENYING PLAINTIFF'S EX PARTE MOTION TO VACATE EXTENSION OF AUTOMATIC STAY**<br><br>**(Re: Docket No. 243, 251)** |

On December 26, 2012, Defendant Editions Limited West, Inc. ("ELW") appealed the court's order requiring ELW to pay Plaintiff Victoria Ryan's ("Ryan") attorney's fees and costs in the underlying matter.[1] ELW now moves for a stay of the judgment pending appeal. Having considered the papers and the arguments of counsel, the court GRANTS ELW's motion.

## I.   BACKGROUND

On December 18, 2012, the court granted-in-part Ryan's motion for attorney's fees and costs, requiring ELW to pay $51,363.81 in attorney's fees and $7,989.94 in costs, to be paid no later than December 31, 2012.[2] On December 26, 2012, ELW filed a notice of appeal of the

---

[1] *See* Docket No. 242, 245.

[2] *See* Docket No. 242.

Case No.: C 06-4812 PSG
ORDER

1

court's award of attorney's fees and costs.[3]  ELW also moved to stay enforcement of the judgment pending appeal under Fed. R. Civ. P. 62(d), explaining that it had not yet filed a supersedeas bond because it was awaiting approval of the bond from its insurance carrier.[4]  ELW stated that although it had submitted the application for the bond amount of $64,204.76, because of the holidays it was unlikely that the bond would be issued earlier than January 15, 2013.[5]  ELW requested an extension of the automatic stay of the court's judgment[6] to give ELW an opportunity to post the supersedeas bond.  The court agreed and chose to defer ruling on ELW's full motion and extend the automatic stay until fourteen days after the court's deferred ruling.[7]

---

[3] *See* Docket No. 245.  Although ELW's notice of appeal indicates it has appealed the court's entire order, ELW filed a declaration stating it would pay the court's award of costs to Ryan by the court-mandated deadline.  *See* Docket No. 243 at 6 ¶ 2.

[4] *See id.* ¶ 3.

[5] *See id.*

[6] *See* Fed. R. Civ. P. 62(a) (providing for an automatic stay of fourteen days after entry of the judgment).

[7] *See* Docket No. 247.  As a prerequisite to consideration of the motion to stay, the court required the parties to contact the chambers of Judge Maria Elena-James to schedule a settlement conference with a magistrate judge.  Ryan contended that upon filing of the notice of appeal, the court was divested of jurisdiction to require the parties to attend a settlement conference as a condition of ruling on the pending motion.  The court clearly retains jurisdiction to resolve post-judgment motions, including a motion to stay pending appeal.  *See Saldate v. Adams*, 573 F. Supp. 2d 1303, 1315 (E.D. Cal. 2008) (district court found it had jurisdiction to determine stay pending appeal despite the fact that notice of appeal had been filed) and *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (holding that the district court retains jurisdiction to consider post-judgment motions), and the parties have cited no authority suggesting that conditions attached to resolving such motions are beyond a trial court's discretion to manage its docket as it sees best.  Nevertheless, as the parties have shown they are currently participating in the Ninth Circuit's own mediation program, the court is satisfied that meaningful discussion regarding settlement will take place without the need for referral to this court's program.  And so the court relieves the parties of the obligation to attend settlement conference before consideration of the underlying motion to stay pending appeal.

The court also notes that Ryan filed an ex parte motion to vacate the court's ruling, arguing that the court did not have the authority to extend the automatic stay without security.  *See* Docket No. 251.  Ryan is mistaken.  Rule 62(d) provides that the court has discretion to impose a stay without requiring any security.  *See Hunt v. Check Recovery Systems, Inc.*, Case No. 05-04993MJJ, 2008 WL 754991, at *3 (N.D. Cal. Mar. 21, 2008).  If no bond is posted, the question of whether to stay

2

Case No.: C 06-4812 PSG
ORDER

On January 18, 2013, ELW filed certification that it posted an appeal bond with Western Surety Company in the amount of $64,204, or 125% of the court's award of attorney's fees.[8]

## II. LEGAL STANDARD

"[A]n appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court."[9]  The posting of the bond protects the prevailing party from the risk of later being unable to collect on the judgment as well as compensating the party for the delay.[10] "District courts have inherent discretionary authority in setting supersedeas bonds."[11]  This discretion includes the ability to stay execution of a judgment with another form of security, or without security at all.[12]

## III. DISCUSSION

Rule 62(d) provides for a stay pending appeal as a matter of right when the party files a supersedeas bond.[13]  The only question, then, is whether the bond amount adequately protects Ryan's right to compensation under the court's judgment.  Although both the Federal Rules and the Civil Local Rules are silent as to what qualifies as adequate, courts have approved amounts equal

---

the case is a matter of the court's discretion.  *See C.B. v. Sonora Sch. Dist.*, 819 F. Supp. 2d 1032, 1054, 1056 (E.D. Cal. 2011) (imposing a temporary stay pending resolution of the motion to stay).  As ELW established good cause for extending the deadline to file a supersedeas bond, the court was satisfied that a temporary stay was warranted.  *See id.* at 1191 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979)).  Nevertheless, as the court now rules on the underlying motion to stay, Ryan's ex parte motion is DENIED AS MOOT.

[8] *See* Docket No. 254 ¶ 2.

[9] *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977).

[10] *See NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

[11] *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

[12] *See Hunt*, 2008 WL 754991, at *3.

[13] *See NLRB*, 859 F.2d at 819.

3

Case No.: C 06-4812 PSG
ORDER

to 125% of the court's award.[14]  ELW has posted a bond in the amount of $64,204, or 125% of the court's award of attorney's fees.  Ryan challenges that this amount as inadequate because the parties' agreement provides for attorney's fees to the prevailing party, including the costs of appeal.  However, in the exercise of its recognized discretion in setting the amount of the supersedeas bond,[15] the court determines the amount tendered by ELW, with its 25% margin above the amount of the award, is adequate to protect against Ryan's interests.

## IV.   CONCLUSION

ELW's motion to stay the judgment awarding attorney's fees pending appeal is GRANTED.

**IT IS SO ORDERED.**

Dated: February 1, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See Sonora Sch. Dist.*, 819 F. Supp. 2d at 1057.

[15] *See Rachel,* 831 F.2d at 1505 n.1.

4

Case No.: C 06-4812 PSG
ORDER