1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTORIA RYAN,

              Plaintiff,

     v.

EDITIONS LIMITED WEST, INC., et al.,

              Defendants.

Case No. 5:06-cv-04812-PSG

**ORDER GRANTING WRIT OF EXECUTION**

**(Re:  Docket No. 289)**

The court recently ordered Defendant Editions Limited West to pay Plaintiff Victoria Ryan $349,038.00 in attorney's fees by February 2, 2016.[1]  February 2 came and went without any exchange of money, so Ryan applies for a writ of execution directed to the U.S. Marshal for the Northern District of California to enforce the court's order of fees.[2]  Ryan's request is GRANTED and a writ of execution shall issue.

ELW argues that it is entitled to an automatic stay under Fed. R. Civ. P. 62(f), which provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."[3]  ELW argues that the state court would give an automatic stay of execution because in California state court, judgments granting only attorney's fees are automatically stayed

---

[1] *See* Docket No. 288 at 1.

[2] *See* Docket No. 289.

[3] Docket No. 290 at 2.

by appeal.[4]  However, the law is clear: "[u]nder California law, a judgment is not a lien unless and until such time as the creditor records the judgment in the county where the debtor's property is located."[5]  Accordingly, "California district courts have uniformly concluded that a federal judgment rendered in California does not trigger the provisions of Rule 62(f)."[6]  Because Ryan has not recorded the judgment, the judgment is not a lien and ELW is not entitled to an automatic stay. The other provisions of Fed. R. Civ. P. 62 thus apply, and if ELW wishes to stay the judgment on appeal, it must post a bond and request the court's approval under Fed. R. Civ. P. 62(d).

**SO ORDERED.**

Dated: February 5, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See id.*

[5] *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1025 (N.D. Cal. 2012) (citing Cal. Code. Civ. Proc. § 697.310(a)).  ELW cites to *Marandino v. D'Elia & KOFR Association*, 151 F.R.D. 227, 228 (D. Conn. 1993), to argue that a judgment is a lien if only a mere ministerial act must be taken to transform the judgment into a lien.  *See* Docket No. 292 at 1. While that may be the case in Connecticut, *Cotton* explicitly considered and rejected this argument, and it is not the law in California.  860 F. Supp. 2d at 1026.

[6] *Cotton*, 860 F. Supp. 2d at 1026.

2

Case No. 5:06-cv-04812-PSG
ORDER GRANTING WRIT OF EXECUTION